327 So.2d 488 (1976)
William CARTER and Shelly Carter, wife of William Carter
v.
The CITY OF NEW ORLEANS et al.
No. 7353.
Court of Appeal of Louisiana, Fourth Circuit.
February 24, 1976.
*489 Alvin J. Bordelon, Jr., Metairie, for relators.
Wayne G. Cresap, New Orleans, for respondents.
Before SAMUEL, REDMANN and BEER, JJ.
SAMUEL, Judge.
This suit is in tort against the City of New Orleans and others for injuries allegedly sustained by plaintiff, William Carter, while he was incarcerated in the Orleans Parish House of Detention during the month of June, 1975.
Plaintiffs timely prayed for trial by jury and furnished bond therefor. The City moved to strike plaintiffs' prayer for trial by jury insofar as that prayer was applicable to that defendant. The City's motion was granted. On plaintiffs' application for writs, we granted certiorari to review the ruling which denies them a jury trial of their claim against the City. That is the only issue now before us.
The applicable constitutional and statutory law is:
"(A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
(B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered." Louisiana Constitution of 1974, Article 12, § 10.
"(A) Retention. Laws in force on the effective date of this constitution, which were constitutional when enacted and are not in conflict with this constitution, shall remain in effect until altered or repealed or until they expire by their own limitation.
(B) Expiration of Conflicting Law. Laws which are in conflict with this constitution shall cease upon its effective date." Louisiana Constitution of 1974, Article 14, § 18.
"No suit against the state or other public body shall be tried by jury." R.S. 13:5104 (Act 27 of 1960).
"No suit against the state or a state agency or political subdivision shall be tried by jury." R.S. 13:5105 (Former *490 R.S. 13:5104 as reenacted as R.S. 13:5105 by Act 434 of 1975).
In pertinent part:
"A trial by jury shall not be available in:

. . . . .
(5) All cases where a jury trial is specifically denied by law." C.C.P. Art. 1733.
The question presented is whether the prohibition of jury trial in contract and tort suits against the state, a state agency or a political subdivision (R.S. 13:5105) is within legislative authority to "provide a procedure for suits against" those defendants under Constitution Article 12, § 10(B) in view of the fact that, as provided by Constitution Article 12, § 10(A), such defendants no longer have sovereign immunity in contract and tort. More narrowly stated, the question is whether trial by jury is a procedural matter within the meaning of the first sentence of Constitution Article 12, § 10(C).
We do not consider relator's argument that because this suit was filed after the effective date of the Constitution of 1974, and therefore without the necessity of legislative consent, former R.S. 13:5101 made R.S. 13:5104 inapplicable because Section 5101 limited Section 5104 to suits "authorized by special or general law or resolution passed by the legislature." If the rule against jury trial is procedural, then the 1975 R.S. 13:5105 is applicable.
Imprimis, we note that the Seventh Amendment of the United States Constitution guarantees the right to trial by jury. However, as the right to trial by jury is not an essential element of due process, the Seventh Amendment does not apply to proceedings in state courts[1] and it is significant that the United States itself often prohibits trial by jury against it.[2] Except only in matters involving expropriation,[3] the Louisiana Constitution and 1974 does not mention trial by jury in civil cases. Other than that exception, trial by jury in civil cases appears to be a legislative matter.
Article 12, § 10(A) of the 1974 Constitution abolishes sovereign immunity only in contract and for injury to person or property. Under Article 12, § 10(B), sovereign immunity from other suits has been maintained, subject to the fact that the legislature may waive that immunity and authorize such other suits. Article 12, § 10(C) requires the legislature to provide a procedure for suits against the state, a state agency or a political subdivision. Section 10 does not in any way circumscribe or limit the authority or judgment of the legislature in providing what such procedure shall be. It is clear that, if suits against the state or a political subdivision were to be subject to the same rules as suits between or among private individuals only, there would have been no need to require the legislature to provide a procedure for suits against any of those defendants and there would be no reason for the existence of the first sentence of Subsection C of Section 10.
That there is a clear difference between suits involving private litigants and suits against the state or a political subdivision is further illustrated by the last two sentences of Subsection C of Section 10, which prohibit seizure of public property or funds and which provide that no judgment against the state or political subdivision shall be exigible, payable or paid except from funds appropriated therefor by the *491 legislature or the political subdivision cast. The difference between suits involving private litigants and suits against the state is age-old.
Insofar as it relates to trial by jury against the state or political subdivision, under Louisiana's civil law-oriented system of appellate review of both the law and the facts, a trial by jury is less significant than it is in those states without such appellate review. There is nothing against public policy or against proper administration of justice in prohibiting a jury trial in suits against the state or political subdivision. In Palko v. Connecticut,[4] a case involving criminal procedure outside the State of Louisiana, the court stated the "right to trial by jury . . . are not of the very essence of a scheme of ordered liberty . . . few would be so narrow or provincial as to maintain that a fair and enlightened system of justice would be impossible without it . . ."
Insofar as concerns the question of whether or not trial by judge alone or trial by jury is "procedure" as that word is used in Subsection C of Article 12, § 10, the word "procedure" is defined in Black's Law Dictionary as follows:
"The mode of proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, and which, by means of the proceeding, the court is to administer; the machinery, as distinguished from its product."[5]
We believe it clear that trial by jury or by judge is a means or mode of proceeding by which a legal right is enforced; it is the machinery, as distinguished from its product, the judgment. Our Louisiana jurisprudence is to the effect that the provisions of R.S. 13:5104, prohibiting jury trials in suits against the state or other public bodies, is a procedural matter.[6]
Accordingly, our conclusion is that R.S. 13:5105, which prohibits the trial by jury of suits against the state or other public body, is valid and enforceable.
For the foregoing reasons, the writs previously issued in this proceeding are recalled, the judgment of the trial court denying a jury trial in plaintiff's suit against the City of New Orleans is affirmed, and the matter is remanded to the trial court for further proceeding in accordance with law.
Writs recalled and remanded.
REDMANN, J., dissenting with written reasons.
REDMANN, Judge (dissenting).
Sovereign immunity from civil jury trial, a relic from but no longer supportable by the discredited and abolished doctrine of complete sovereign immunity, is inconsistent with the equal protection guarantee of La.Const. art. 1 §§ 3 and 22 (and if not, then with that of U.S.Const. Amend. 14). La.R.S. 13:5105's prohibition of civil jury trial against the state or its political subdivisions is therefore unconstitutional.
The authorization by La.Const. art. 12 § 10(C) of enactment of "a procedure" for suits against the state means a procedure consistent with the constitution: consistent with the due process guarantees of art. 1 §§ 2 and 22, consistent with the equal protection guarantees of art. 1 §§ 3 and 22, and consistent with every other word of every section of every article of the constitution. Authorization of "a procedure" does not authorize refusing a plaintiff *492 cross-examination of the State's witnessesthough cross-examination is a matter of procedurebecause the due process clauses guarantee the right of cross-examination. And authorization of "a procedure" does not authorize prohibiting jury trial (or judge trial!) to some plaintiffs on the basis of the personality of their defendantsthough jury trial be a matter of procedurebecause the equal protection and justice administered without partiality clauses guarantee that laws cannot be applied differently to different classifications of persons unless there is a rational basis to the classification.
Neither the City nor the Attorney General has suggested any rational basis for classifying persons allegedly injured by the state (or its servants) into a category not entitled to the determination of liability by a jury and the assessment of damages with "much discretion" by the "jury", C.C. 1934(3). (The Attorney General suggests that the state's "deep pockets" might subject it to unfair treatment by juries. So might the deep pockets of large corporations and wealthy individuals. R.S. 13:5105, however, does not classify all wealthy defendants as exempt from jury trial, but only the state and its subdivisions.)
Except for R.S. 13:5105, Louisiana law limits denial of jury trial to classifications of causes of action, such as demands for less than $1,000, or probate matters, C.C.P. 1733. (I interject here, without equalprotection analysis, that R.S. 13:5035 grants civil jury trial to citizens against the state when the state is plaintiff !)
R.S. 13:5105's prohibiting civil jury trial against the state as defendant makes no more sense than would prohibiting civil jury trial against redheads as defendants. It is whimsy. It deprives plaintiffs injured by the state of equal protection of the jurytrial law, It is therefore unconstitutional, because violative of La.Const. art. 1 §§ 3 and 22.
NOTES
[1] See Melancon v. McKeithen, 345 F.Supp. 1025 (Ed.La.1972), affirmed, 409 U.S. 943, 93 S.Ct. 289, 34 L.Ed.2d 214 (1973) and State v. Beer, 252 La. 756, 214 So.2d 133 (1968).
[2] See, for example, 46 U.S.C. § 742 and § 782.
[3] Article 1, § 4, Constitution of 1974, which provides, in part, ". . . a party has the right to trial by jury to determine compensation."
[4] 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288.
[5] Black's Law Dictionary, 4th Ed. Revised.
[6] Abercrombie v. Gilfoil, La.App., 205 So.2d 461; Pelloat v. Greater New Orleans Expressway Com'n., La.App., 175 So.2d 656, writ refused, 248 La. 122, 176 So.2d 452.