REDMANN, Chief Judge.
We granted review of, and now reverse, the trial judge’s rescission of and refusal to reinstate his order for jury trial.
Jury trial was ordered at defendants’ request in their answer to plaintiff’s supplemental and amending petition. That petition corrected the name of a defendant, added its insurer, and increased the amount of damages demanded. On plaintiff's motion to withdraw that petition “in order that this matter can proceed to trial before a judge,” the trial judge signed an appended order allowing plaintiff to withdraw the petition “and to proceed to trial by judge.” Defendants moved reinstatement of jury trial but were refused. We granted certio-rari.
The question is whether a demand for jury trial, untimely in respect to all earlier pleadings but timely in respect to the answer to a supplemental and amending petition demanding greater damages, preserves the demander’s right to jury trial notwithstanding the subsequent withdrawal of the supplemental and amending petition. Our answer is yes.
Entitlement to jury trial is the general rule of law. La.C.C.P. 1731 A. Champagne v. American Southern Ins. Co., 295 So.2d 437, 439 (La.1974), declares that “the right of a litigant to jury trial is fundamental in character and the courts will indulge every presumption against a waiver, loss or forfeiture thereof.” We add that C.C.P. 5051 commands a liberal construction of the Code of Civil Procedure.
With those principles in mind, we apply the governing rule in this case, C.C.P. 1733 C: “The pleading demanding a trial by jury shall be filed not later than ten days after the service of the last pleading directed to any issue triable by a jury....”
Barberito v. Green, 275 So.2d 407 (La.1973), holds that an answer to an amending petition demanding greater damages is itself a pleading directed to an issue triable by jury within C.C.P. 1733 C (then numbered 1732), and that a request for trial by jury in such an answer is timely. Barberi-to further holds that “[ajbsent any specification of restriction [by the requester] all issues shall be tried by the jury when trial by jury is properly requested.” Id. at 409.
Defendants’ motion in their answer to plaintiffs amending petition was therefore timely, and entitled defendants to trial by jury as to all issues.
Plaintiff’s ex parte “withdrawal” of his petition cannot change the past, cannot alter the fact that that petition (filed by leave of court as required by C.C.P. 1151) and the answer thereto were filed and (more in point) served. Service of a later-withdrawn pleading is still service of a pleading. Plaintiff’s amending and supplemental petition was and remains, and defendants’ answer to it was and remains, a served “pleading directed to [an] issue triable by a jury” in this case within C.C.P. 1733 C. One issue to which that petition and answer were directed has not been removed from the case by withdrawal of that petition, for the non-new issue of the amount of damages, surely an issue triable by a jury, remains an issue in the case. We therefore need not decide whether defendants’ right to jury trial on all issues, as declared by Barberito, survives withdrawal of a supplemental petition that raised only new issues (that are no longer in the case and no longer triable by the jury because of the withdrawal).
It was error to rescind and to refuse to reinstate the order for trial by jury.
Reversed; jury trial reinstated.