581 So.2d 405 (1991)
Marie REVEL
v.
TELECHECK LOUISIANA; Southern Telecheck, and Estes Cadillac.
No. 91-C-0782.
Court of Appeal of Louisiana, Fourth Circuit.
June 10, 1991.
Rehearings Denied July 17, 1991.
*406 Vallerie Oxner, Poindexter & Oxner, New Orleans, for relator.
Eugene D. Brierre, New Orleans, for Estes Cadillac.
Robert M. Johnston, Adams and Johnston, New Orleans, for respondent.
Before KLEES, CIACCIO, WARD, ARMSTRONG and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiff Marie Revel seeks supervisory review of a trial court judgment granting a motion to strike the jury filed by defendants Telecheck Louisiana, Southern Telecheck, and Estes Cadillac. We grant the writ application and reverse the trial court judgment.
Plaintiff filed suit in the instant matter on June 25, 1987. She subsequently filed two supplemental and amending petitions. The Second Supplemental and Amending Petition, which added a new defendant and raised new issues not addressed in either of the previous petitions, was filed on July 11, 1988. On September 7, 1988, the plaintiff filed a motion and order for trial by jury. The new defendant's answer to the Second Supplemental and Amending Petition was filed the next day, on September 7, 1988. Also on September 7, 1988, a jury order was signed by a Civil District Court judge. The jury fee was paid by the plaintiff on September 6, 1988. Subsequent to these events, a third party demand was filed on October 26, 1988 and the answer to the third party demand was filed on December 12, 1988.
A pre-trial conference was held on July 18, 1990, at which time the matter was set for trial on Oct. 11, 1990. Attending that conference and signing the pre-trial order was Darla D'Amico, representing the plaintiff. The pre-trial order indicates that the case was to be tried by a judge, rather than a jury. The trial date assigned was a non-jury week.
Subsequent to the pre-trial conference, plaintiff engaged a new attorney, who filed a motion for continuance based on the fact that the original trial date fell during a non-jury week. After the trial judge granted that motion, the defendants filed a motion to strike the jury, which was sustained. The plaintiff's motion for new trial and/or reconsideration was denied.
The defendant argues that the plaintiff waived her right to jury trial when her attorney signed the pre-trial order. Plaintiff *407 denies the waiver, claiming that she never hired Darla D'Amico to represent her in this matter and that she did not authorize Darla D'Amico or any other person to waive her right to jury trial. Attached to her application for supervisory writs filed in this court is an uncontested affidavit attesting to that fact.
Because the right to trial by jury is considered fundamental in Louisiana law, courts should "indulge every presumption against waiver, loss or forfeiture thereof." Duplantis v. U.S. Fidelity & Guaranty Insurance Corp., 342 So.2d 1142, 1143 (La. App. 1st Cir.1977); Arlington v. McCarty, 136 So.2d 119, 121 (La.App.3d Cir.1961). In fact, the courts have recognized "the absolute and inviolate right of a party to a juridical cause to a trial by jury, except as limited by law and provided the requisite procedural forms are fulfilled." Scott v. Hardware Mutual Insurance Co., 207 So.2d 817, 818 (La.App. 1st Cir.1968). Thus, when a party makes timely application for a jury trial and pays the requisite cash deposit, his right to trial by jury cannot be violated. Parish v. Holland, 166 La. 24, 116 So. 580, 581 (1928).
Under the provisions of La. C.C.P. art. 1733, a motion for trial by jury must be filed "not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury." The jurisprudence has interpreted that article to allow a motion for jury trial to be filed within ten days of the filing of an answer. Barberito v. Green, 275 So.2d 407, 410 (La.1973); City Stores Co. v. Johns-Manville Sales Corp., 395 So.2d 953, 954 (La.App. 4th Cir.1981). Thus, the plaintiff's motion, filed the day before the filing of the answer to the Second Supplemental and Amending Petition, was timely.
However, the defendant attempts to dispute the timeliness of the plaintiff's request for trial by jury on the basis of the fact that the motion for trial by jury is not contained in the official court record. However, the record does contain the jury order signed on September 6, 1988. Additionally, the plaintiff's attorney has provided the court with a conformed copy of the motion with a time stamp from the clerk of court's office. Thus, we hold that the motion was timely filed.
On the waiver issue, the defendant cites Brumfield v. Brumfield, 178 So.2d 379 (La.App. 1st Cir.), writ ref'd 248 La. 435, 179 So.2d 274 (1965), for the proposition that a client is bound by actions taken by his attorney on his behalf. Id. at 384. In that case, a plaintiff's new attorney sought to relieve the client of the effect of a waiver made by a former attorney. In denying the plaintiff's claim, the court noted the significance of the fact that "counsel does not contend plaintiff's former attorney acted without authority in waiving the effect of the rule and consenting to trial before respondent Judge." That pronouncement of the court indicates that a different result would be required if, as here, the plaintiff proves that his attorney acted without authority.
Because the trial court judgment striking the jury trial is contrary to the law which protects the right to jury trial as a fundamental right, it was manifestly erroneous under the circumstances. The judgment is hereby reversed.
KLEES, J., concurs in the result.
CIACCIO, J., dissents and would deny the writ.