hBYRNES, Judge.
Relator applied to this Court for writs to review a judgment of the trial court striking relator’s previously granted request for a jury trial. The case involves an alleged injury sustained by the relator’s minor child on or about November 13, 1991. The relator filed suit in 1992 naming the respondent, the Orleans Parish School Board, as the only defendant. On June 24, 1996 the relator filed the “Plaintiffs First Amending And Supplemental Petition For Damages” adding additional individual named defendants and requesting a jury trial. The School Board was served with a copy of this amended petition on June 26, 1996. Respondent does not dispute the fact that relator filed a timely motion requesting a jury trial within ten days of the filing of the amended petition. The record also contains a pre-trial order dated September 17,1996 noting that a jury trial is called for and fixing the date for February 27,1997. The School Board filed a motion to strike the jury trial on February 20, 1997 which relator contends was not served on her as of February 25, 1997. On February 27, 1997 the trial court rendered a judgment denying respondent’s motion to strike the jury as untimely, but in the next sentence of the same judgment declares that it:
_j2.[S]ua sponte, strikes the jury from this proceeding on the basis that LSA-R.S. 13:5105 prohibits jury trial as to political subdivisions of the State, and Article VI, See. 44 of the Louisiana Constitution defines parish school boards as political subdivisions of the State.
At the outset we note that the School Board did not contend in the trial court, nor does it argue to this Court that its motion to strike was filed within the time provided by LSA-C.C.P. art. 964. The effect of the ruling of the trial court and the School Board’s arguments to this court is that timeliness is not an issue because relator has no right to a jury trial against the School Board and such a right cannot be created by the passage of time and the failure of the School Board to object. This is tantamount to declaring the prohibition of jury trials in suits against political subdivisions unwaivable, creating an *958 absolute nullity that theoretically could be asserted for the first time even on appeal.
The parties cannot agree on whether the School Board is a political subdivision or a state agency. Based upon the analysis to follow we find it unnecessary to decide whether the School Board is a state agency or a political subdivision.
The real issue is whether the prohibition against a jury trial under LSA-R.S. 13:5106 is waivable. We find that it is. Callahan v. Town of Bunkie, 287 So.2d 629 (La.App. 3 Cir.1973), writ not considered, 290 So.2d 905 (La.1974). If the prohibition against a jury trial were not waivable it would mean that political subdivisions could go through an entire jury trial and then, if the verdict were not to the liking of the political subdivision, suddenly move to have the entire proceedings annulled. The prohibition would thus create an absolute nullity, permitting the political subdivision to raise it for the first time even as late as at the appellate level. We cannot believe that the legislature ever intended such an offensive result.
LThis view is reinforced by the lengthy analysis of the prohibition of jury trials against political subdivisions made by this Court in Carter v. City of New Orleans, 327 So.2d 488 (La.App. 4 Cir.1976). From that analysis it is clear that there is no strong public policy either for or against permitting jury trials in suits against the state and its political subdivisions, i.e., nothing indicating an imperative so compelling as to imply non-waivability.
We also infer waivability from the fact that LSA-R.S. 13:5105A permits the state or its agencies to demand jury trials in suits against themselves which indicates that jury trials and the State and/or its agencies are not antithetical, incompatible concepts. Additionally, LSA-R.S. 13:5105D provides that political subdivisions “by general ordinance or resolution, may waive- the prohibition against a jury trial ...”
This Court held in Carter, supra, that whether a case against the state, one of its agencies, or a political subdivision is triable by jury is a procedural matter, and retroac-tivity applies. Although these provisions of LSA-R.S. 13:5105 were enacted after the date of plaintiffs alleged injury, they were in effect at the time plaintiff requested the jury trial and are, therefore, retroactively applicable to this case.
Therefore, we find that the State, its agencies and political subdivisions may waive whatever rights they may have to object to jury trials.
Having thus determined that the Orleans Parish School Board may waive the prohibition, if any, against jury trials against it by failing to object in a timely matter, we find that in the instant case the School Board did in fact fail to object in a timely manner.
The proper procedure for objecting to relator’s request for a jury trial is the motion to strike. LSA-C.C.P. art. 964. The School Board did not file its motion within the time allowed by LSA-C.C.P. art. 964. The trial court so |4ruled, and the School Board does not contend otherwise. Accordingly, we find that the School Board’s motion to strike was untimely and that it was error for the trial court to strike the jury.
For the foregoing reasons we grant writs, reverse the judgment of the trial court and reinstate the order of the trial court granting relator a trial by jury.
WRIT GRANTED; JUDGMENT REVERSED.