705 So.2d 208 (1997)
Elisha ALKAZIN, Norman Alkazin and Lana Alkazin
v.
CITY OF BATON ROUGE, Parish of East Baton Rouge, Allstate Insurance Company and Billy Cheek.
No. 97 CW 0738.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
*209 Randolph Piedrahita, Rick A. Caballero, Baton Rouge, for plaintiffs-appellees Elisha Alkazin, Norman Alkazin and Lana Alkazin.
Barry G. Toups, Baton Rouge, for third party defendant State of Louisiana, DOTD.
James Zito, Baton Rouge, for defendants-appellants City of Baton Rouge, Parish of East Baton Rouge.
Billy Cheek, Greenwell Springs, in pro. per.
Before LOTTINGER, C.J., GONZALES, J., and TYSON, J. Pro Tem.[1]
RALPH E. TYSON, Judge Pro Tem.
Relator, City of Baton Rouge/Parish of East Baton Rouge, filed a writ application with this court, seeking review of the trial court's granting of respondents', Elisha Alkazin and her parents (Norman and Lana Alkazin), motion to proceed without a jury.

PROCEDURAL HISTORY
On November 27, 1992, Elisha Alkazin was injured in an automobile accident at the intersection of Florida Boulevard and North 22nd Street in Baton Rouge, Louisiana. On April 20, 1993, Elisha Alkazin and her parents, Norman and Lana Alkazin, (collectively referred to as "respondents") filed suit against their uninsured/underinsured motorist carrier, Allstate Insurance Company, the driver of the other vehicle, Billy Cheek, and City of Baton Rouge/Parish of East Baton Rouge (relator). The respondents alleged that relator was the owner/garde/custodian of a defective traffic light, which simultaneously gave two opposing vehicles a green light. The respondents further alleged that the relator was negligent in failing to inspect and/or maintain the traffic light.
Relator filed an answer on July 13, 1993, and a third party demand against the other driver on June 22, 1995. On May 17, 1996, the relator filed a request for a trial by jury. In the request, relator alleged that on May 10, 1996,[2] the governor signed House Bill No. 239 of the 1996 Legislative Session. Relator further alleged that, by this bill, every political subdivision of the State of Louisiana may request a trial by jury by general ordinance or resolution, waiving the prohibition against a jury trial, pursuant to LSA-R.S. 13:5105(A). Respondents filed a motion to proceed without a jury, on May 29, 1996. A hearing on the motion to proceed without a jury was held on August 5, 1996. Following the hearing, the trial court rendered a judgment in favor of respondents, granting their motion to proceed without a jury.
*210 Relator filed this writ application, contending that the trial court erred in denying relator a jury trial and in granting respondents' motion to proceed without a jury. Subsequently, respondents filed a motion to dismiss relator's writ application, which was denied on September 2, 1997 by this court. By order, dated August 22, 1997, this court granted relator's application for writs, issued a writ of certiorari, and stayed all proceedings until further order of the court.

HISTORY OF LSA-R.S. 13:5105
Before addressing relator's contentions, we must review the history of LSA-R.S. 13:5105. In 1975, the legislature enacted LSA-R.S. 13:5105, which prohibited a jury trial in suits against the state. LSA-R.S. 13:5105 provided that "[n]o suit against the state or a state agency or political subdivision shall be tried by jury." See Abercrombie v. Gilfoil, 205 So.2d 461, 464 (La.App. 1st Cir.1967).
By Acts 1993, No. 993, LSA-R.S. 13:5105 was amended to provide as follows:
A. No suit against a political subdivision of the state shall be tried by jury. Except upon a demand for jury trial timely filed in accordance with law by the state or a state agency or the plaintiff in a lawsuit against the state or state agency, no suit against the state or a state agency shall be tried by jury.
B. Whenever a jury trial is demanded by the state, state agency, or the plaintiff in a lawsuit against the state or state agency, the party demanding the jury trial shall pay all costs of the jury trial including the posting of a bond or cash deposit for costs in accordance with Code of Civil Procedure Articles 1733 through 1734.1, inclusive.
By Acts 1995, No. 598, § 1, the legislature again amended LSA-R.S. 13:5105 and added subsection C, which provides as follows:
Notwithstanding the provisions of Subsection A, except upon demand for jury trial timely filed in accordance with law by the city of Baton Rouge or the parish of East Baton Rouge or the plaintiff in a lawsuit against the city of Baton Rouge or the parish of East Baton Rouge, no suit against the city of Baton Rouge or the parish of East Baton Rouge shall be tried by jury. The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure Articles 1731 and 1732.
Upon enacting LSA-R.S. 13:5105 C in 1995, the legislature did not provide for a specific effective date. Acts 1995, No. 598 contained only one section, namely § 1, which set forth the enactment of subsection C to LSA-R.S. 13:5105. Since the legislature did not provide a specific effective date, the general effective date of all laws enacted at the 1995 Regular Session was August 15, 1995, in accordance with LSA-Const. art. 3, § 19.[3]See Adams v. City of Baton Rouge, 95-2515, p. 13 (La.App. 1st Cir. 4/30/96), 673 So.2d 624, 632-33.
By Acts 1996, No. 63, § 1, the legislature again amended LSA-R.S. 13:5105 and added subsection D, which provides as follows:
Notwithstanding the provisions of Subsection A, a political subdivision, by general ordinance or resolution, may waive the prohibition against a jury trial provided in Subsection A of this Section. Whenever the jury trial prohibition is waived by a political subdivision, and a jury trial is demanded by the political subdivision or the plaintiff in a suit against the political subdivision or against an officer or employee of the political subdivision, the demand for a jury trial shall be timely filed in accordance with law. The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure Articles 1731 and 1732.
*211 Upon enacting LSA-R.S. 13:5105 D in 1996, the legislature set forth a specific effective date for Act No. 63 in Section 3 of the Act. Act No. 63 provides, in pertinent part, as follows:
Section 3. This Act shall become effective upon signature by the governor or, if not signed by the governor, upon expiration of the time for bills to become law without signature of the governor, as provided in Article III, Section 18 of the Constitution of Louisiana. If vetoed by the governor and subsequently approved by the legislature, this Act shall become effective on the day following such approval.
Act No. 63 was approved by the Governor on May 9, 1996. Thus, the effective date for LSA-R.S. 13:5105 D is May 9, 1996.
The legislature did not address its intent regarding the prospective or retrospective application of LSA-R.S. 13:5105 D. Thus, we must now determine whether LSA-R.S. 13:5105 D is entitled to prospective or retrospective application.

RETROACTIVITY OF LSA-R.S. 13:5105 D
This court has previously addressed the issue of the prospective or retrospective application of LSA-R.S. 13:5105 C. In Blanchard v. City Parish of East Baton Rouge, La., 95-2011, p. 13 (La.App. 1st Cir. 4/30/96), 674 So.2d 317, 325, and Adams v. City of Baton Rouge, 95-2515, p. 17 (La.App. 1st Cir. 4/30/96), 673 So.2d 624, 635 this court held the following:
... LSA-R.S. 13:5105 C establishes the procedure in a suit against the state, a state agency, or a political subdivision of the state, namely whether that action may be tried before a judge or a jury. Because the statute addresses the mode or means of the trial, it is a procedural matter, which does not affect any vested rights, and, therefore, may be applied retroactively. See Jones v. City of Kenner, 338 So.2d [606, 608 (La.1976)]; Carter v. City of New Orleans, 327 So.2d [488, 491 (La.App. 4th Cir.1976)]....
Thus, this court determined that LSA-R.S. 13:5105 C could be applied retroactively to allow the City of Baton Rouge/Parish of East Baton Rouge to request a jury trial when the cause of action arose prior to the amendment.
After reviewing LSA-R.S. 13:5105 subsection D, we find that subsection D is simply an extension of subsection C. Subsection D allows any political subdivision, as opposed to just the City of Baton Rouge or Parish of East Baton Rouge, the right to demand a trial by jury, notwithstanding the provisions of subsection A. Like subsection C, we find that subsection D also sets forth the procedure in a suit against a political subdivision, namely, whether that action may be tried before a judge or jury. Thus, we conclude that subsection D is also procedural because it addresses the mode or means of trial and does not affect any vested rights, and, therefore, may be applied retroactively.

TIMELINESS OF REQUEST OF JURY TRIAL
Having determined that LSA-R.S. 13:5105 D may be applied retroactively, we must determine whether this relator is entitled to request a trial by jury pursuant to subsection D and if so, whether its request was filed timely. Relator contends that the trial court erred in failing to find the 1996 amendment to LSA-R.S. 13:5105 created a second method for relator to request a trial by jury. Relator further contends that its request for a trial by jury was filed within ten (10) days of the effective day of the 1996 amendment to LSA-R.S. 13:5105 and was timely within the contemplation of LSA-C.C.P. art. 1733.
The courts have recognized the absolute and inviolate right of party to a juridical cause to a trial by jury, except as limited by law and provided the requisite procedural forms are fulfilled. Revel v. Telecheck Louisiana, 581 So.2d 405, 407 (La.App. 4th Cir.), writ denied, 588 So.2d 1116 (La.1991). While the right to a jury trial is fundamental, it must be requested timely. Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 705 (La.App. 1st Cir.), writ denied, 605 So.2d 1099, 1100 (La.1992). Thus, when a party makes a timely request and complies with the other procedural requisites, his right to a jury trial cannot be violated. Revel v. Telecheck Louisiana, 581 So.2d at 407. The right of a *212 litigant to a jury trial is fundamental in character, and the courts will indulge every presumption against a waiver, loss, or forfeiture thereof. Champagne v. American Southern Insurance Company, 295 So.2d 437, 439 (La.1974).
LSA-C.C.P. art. 1733 C provides that "[t]he pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury." If a request for a jury trial is not made timely, the right is waived, and the trial judge is vested with much discretion to disallow the filing of amended pleadings, if he finds that they are being filed solely for the purpose of circumventing the time limitations of LSA-C.C.P. art. 1733. Sharkey v. Sterling Drug, Inc., 600 So.2d at 706.
In the instant case, relator filed a request for a jury trial on May 17, 1996. In its request, relator alleged that the governor signed Act No. 63 of the 1996 Legislative Session on May 10, 1996. Relator further alleged that Act No. 63, which provides that a political subdivision may request a trial by jury, was effective upon the governor's signature, and this motion for trial by jury was filed within ten (10) days of the effective date of the Act. Respondents filed a motion to proceed without a jury on May 29, 1996, contending that relator's request for trial by jury was untimely.
At the hearing on the motion to proceed without a jury, the trial court determined that relator had a right to a jury trial arising on August 15, 1995, and did not file a request for a jury trial on or before August 25, 1995; thus, forfeiting its right to a jury trial. The trial court stated that "although the court acknowledges the recent amendment to LSA R.S. 13:5105 providing for the [] right to a trial by jury for political subdivisions, the court finds that this amendment does not vitiate defendant[s'] (relator) failure to timely request a trial by jury after passage of the 1995 amendment." We disagree.
In the instant case, relator not only falls squarely within the parameters of subsection C, but also falls within the parameters of subsection D because of its status as a political subdivision. In addition, subsection D does not specifically exclude the application of its provisions to the City of Baton Rouge or the Parish of East Baton Rouge (relator). We find that if the legislature intended to exclude the application of subsection D to relator, it would have expressly done so in subsection D. Thus, pursuant to subsection D, relator is entitled to a trial by jury in this matter.
Relator's request for a trial by jury was filed on May 17, 1996. Attached to relator's writ application was a copy of relator's Resolution 36859, adopted May 8, 1996 by the Metropolitan Council, waiving the prohibition against a jury trial in suits against the City of Baton Rouge/Parish of East Baton Rouge, as provided in LSA-R.S. 13:5105 A.[4] Although Resolution 36859 was not filed into the record, we take judicial notice of the resolution pursuant to LSA-C.E. art. 202. Based upon these facts, relator's request for trial by jury was filed within ten (10) days of the effective date (May 9, 1996) of the 1996 amendment adding LSA-R.S. 13:5105 D. Thus, we conclude that the trial court erred in granting respondents' motion to proceed without a jury.

CONCLUSION
For the above reasons, the writ of certiorari previously issued by this court is recalled and the writ granted is made peremptory. *213 The trial court judgment, granting the respondents' motion to proceed without a jury, is reversed, and the matter is remanded to the trial court for further proceedings consistent with views expressed herein.
WRIT GRANTED AND MADE PEREMPTORY. JUDGMENT GRANTING REQUEST TO PROCEED WITHOUT A JURY REVERSED AND CASE REMANDED.
LOTTINGER, C.J., concurs.
NOTES
[1] Judge Ralph E. Tyson is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note that House Bill No. 239 was approved on May 9, 1996 not May 10, 1996.
[3] LSA-Const. art. 3, § 19 provides as follows:

All laws enacted during the regular session of the legislature shall take effect on August fifteenth of the calendar year in which the regular session is held and all laws enacted during an extraordinary session of the legislature shall take effect on the sixtieth day after final adjournment of the extraordinary session in which they were enacted. All laws shall be published prior thereto, in the official journal of the state as provided by law. However, any bill may specify an earlier or later effective date.
[4] Resolution 36859, provides, in pertinent part, as follows:

WHEREAS, it was the clear intent of the Legislature to allow the City of Baton Rouge and Parish of East Baton Rouge to waive the prohibition against jury trials by its enactment of Act No. 598, without the necessity for further ordinance or resolution; however, to avoid confusion in further and pending litigation, it would be in the best interest of the City-Parish to comply with the provisions of House Bill No. 239 out of an abundance of caution; and WHEREAS, it is in the best interest of the City of Baton Rouge and Parish of East Baton Rouge to waive the prohibition against jury trials in litigation against this political subdivision and to authorize the Parish Attorney to waive the prohibition against jury trials by demanding same in any pending lawsuit or any future lawsuit as he deems appropriate.