h GASKINS, Judge.
The Bossier Parish Police Jury and its insurer, Industrial Underwriter’s Insurance Company, twice applied for writs from trial court decisions denying them a trial by jury in this case. This court granted'both writ applications and consolidated the matters for docketing and decision. We now make the first "writ peremptory, reverse the trial court judgment and order a jury trial.
FACTS
This case arises from an auto accident on October 29, 1991. On that date, Kristi Tate, then a minor, was driving south on Airline Drive near the Palmetto Country Club', in Bossier Parish. She lost control of her vehicle, struck a concrete driveway, and, as a result of her injuries,- was rendered a paraplegic. The accident was allegedly caused by water flowing across the roadway due to the installation of culverts on the property of Mr. and Mrs. Dalton Smith. The Bossier Parish Police Jury had approved the installation of the culverts.
Ms. Tate and her parents filed suit on October 29, 1992 against the Bossier Parish Police Jury (BPPJ), Industrial Underwriter’s Insurance Company (Industrial), the State of Louisiana, Blazer Construction, Mr. and Mrs. Smith, and several other insurance companies. The plaintiffs contended that the roadway was improperly constructed so as to allow water to run across it and that the culverts on the Smiths’ property contributed to the water running across the road. In the Smiths’ answer to the petition, they requests ed a trial by jury. However, they withdrew their request on January 7,1998.
When the plaintiffs originally filed their suit in 1992, La. R.S. 13:5105 precluded a jury trial against the state or a political subdivision. However, while this matter was pending, the statute was amended by Acts 1996, No. 63 § 1, [^effective ]y[ay g¡ 1996, to add section D. The statute now provides in pertinent part:
A, No suit against a political subdivision of the state shall be tried by jury. Except upon a demand for jury trial timely filed in accordance with law by the state or a state agency or the plaintiff in a lawsuit against the state or state agency, no suit against the state or a state agency shall be tried by jury....
D. Notwithstanding the provisions of Subsection A, a political subdivision, by general ordinance or resolution, may waive the prohibition against a jury trial provided in Subsection A of this Section. Whenever the jury trial prohibition is waived by a political subdivision, and a jury trial is demanded by the political subdivision or the plaintiff in a suit against the political subdivision or against an officer or employee of the political subdivision, the demand for a jury trial shall be timely filed in accordance with law.[1] The rights to and limitations upon a jury trial shall be as provided in Code of Civil Procedure Articles 1731 and 1732.
The new section D of the statute has been held to be procedural and therefore retroactive in application. Alkazin v. City of Baton Rouge, 97-0738 (La.App. 1st Cir. 11/7/97), *681 705 So.2d 208. The provision has also weathered challenges to its constitutionality. Kimball v. Allstate Insurance Company, 97-2885 (La.4/14/98), 712 So.2d 46.
Within ten days of the Smiths’ waiver of their demand for a jury trial, BPPJ and Industrial filed a request for a jury trial in accordance with new section D. The police jury ratified the request by a resolution signed February 11,1998, approximately one month after the jury trial motion was filed. The request for trial feby jury was granted by the trial court. However, this matter was later reassigned to another judge.
The plaintiffs filed a motion to strike the request for jury trial, contending that the jury trial request was not timely because the defendants had only ten days from the effective date of the amendment to La. R.S. 13:5101, adding section D, in which to request a trial by jury. They asserted that failure to make the request within that time period amounted to a waiver of the right. The plaintiffs also argued that the request for a jury trial was not timely and was without effect because no general ordinance or resolution had been passed by the police jury at the time the request for jury trial was made. Therefore, the plaintiffs contended that the request for a jury trial was proee-durally invalid. The plaintiffs further urged that, even though the insurance company may be entitled to trial by jury on issues other than those relating to the defense of the plaintiffs’ claim against BPPJ, the company could not have a jury trial on those issues.
In response to the motion to strike, BPPJ and Industrial argued that La. R.S. 13:5105 D does not set forth a time limit for obtaining an ordinance or resolution waiving the bar to trial by jury. They contend that, in accordance with the provisions of La. C.C.P. art. 1733, BPPJ and its insurer, Industrial, complied with the only applicable time limitation and moved for a jury trial within ten days of the waiver of the request for jury trial filed by the Smiths. They also argued that a jury trial was available to Industrial before the amendment to the statute and therefore, the existence of a resolution by the police jury, waiving the jury trial prohibition, is of no consequence as to the availability of a jury trial for Industrial..
A hearing on the motion to strike was held on April 30,1998. The trial court essentially found that the police jury’s request for a jury trial, filed prior to tithe February 11, 1998 resolution, was “meaningless.” The trial court also ruled that neither the insurance company nor the police jury has a right to a trial' by jury. The defendants applied for writs from the trial court ruling. On June 18, 1998, this court granted the writ and docketed the matter for decision.
Meanwhile, Kristi Tate’s father died in 1997. On May 13, 1998, Mr. Tate’s children, Kristi and Kami, filed a motion to be substituted to represent his interest in this suit. On May 20, 1998, BPPJ and Industrial answered the first supplemental and amending third party demand of the Smiths. Industrial and BPPJ contended that these developments raised issues triable by jury. Accordingly on May 20, 1998, they filed another motion for trial by jury. The plaintiffs again objected, contending that neither the motion to substitute Mr. Tate’s children as plaintiffs nor the defendants’ answer to the supplemental and third party demand of the Smiths raised issues triable by jury. The trial court agreed with the plaintiffs, again denying the defendants’ motion for jury trial in a judgment dated June 16, 1998. Industrial and BPPJ again filed a writ application to this court, complaining of the trial court’s ruling. This court granted the writ application on August 6, 1998 and ordered the matter consolidated with the writ in Docket No. 31,464-CW.
INITIAL WRIT APPLICATION
Regarding writ Docket No. 31,464-CW, BPPJ and Industrial argue that the trial court erred in ruling that the police jury’s waiver of the prohibition of jury trials against public bodies was untimely and that BPPJ was not entitled to a jury trial.[2] These arguments have merit.
*682 feUnder our scheme of statutory and constitutional law, a civil litigant is not to be deprived of the important fundamental right of a jury trial except by express legislative provision. As the right of a trial by jury is fundamental, the courts will indulge every reasonable presumption against waiver, loss or forfeiture of such privilege. The right to a jury trial is favored in the law and any doubtful statutory provision should be liberally construed in favor of granting a jury trial. Scurria v. Madison Parish Police Jury, 566 So.2d 1077 (La.App. 2d Cir.1990); Mid-Continent Refrigerator Company v. Hurst, 205 So.2d 734 (La.App. 1st Cir.1967); Dobson v. Aetna Casualty and Surety Company, 484 So.2d 976 (La.App. 3d Cir.1986); Fradella v. Louisiana Materials, Inc., 502 So.2d 1157 (La.App. 4th Cir.1987).
While the right to a jury trial is fundamental, it must be requested timely. Thus, when a party makes a timely request and complies with other procedural requisites, his right to a jury trial cannot be violated. Blanchard v. City Parish of East Baton Rouge, 95-2011 (La.App. 1st Cir. 4/30/96), 674 So.2d 317; Alkazin v. City of Baton Rouge, supra, 705 So.2d 208.
The timeliness of the filing of a request for a jury trial is governed by La. C.C.P. art. 1733(C), cited above, which provides that the pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a jury trial. The defendants argue that their original request for a jury trial was filed timely. They contend that they were not required to file the request within ten days of the effective date of the amendment adding La. R.S. 13:5105 D, and that it was not necessary that the resolution or ordinance ^waiving the jury trial prohibition be passed prior to the filing of the jury trial request. We agree.
As stated above, when this suit was commenced by the filing of the plaintiffs’ original petition, the BPPJ did not have the statutory authority to request a trial by jury. However, that right was granted by the addition of section D to La. R.S. 13:5105 and that provision is procedural and retroactive. Alkazin v. City of Baton Rouge, supra, 705 So.2d 208. We note that in some instances in which litigation involving a political subdivision was ongoing, a request for a jury trial, filed within ten days of the effective date of an amendment to the statute allowing such jury trials, has been granted as timely even though no new pleading had been filed. Blanchard v. City Parish of East Baton Rouge, supra, 674 So.2d 317; Adams v. City of Baton Rouge, 95-2515 (La.App. 1st Cir. 4/30/97), 673 So.2d 624. We do not find any statutory or jurisprudential authority for the proposition that in all such pending cases, a request for a trial by jury must be made within ten days of the effective date of the amendment to the statute granting that right, or be forever waived. The procedural rule of La. C.C.P. art. 1733 regarding the timely filing of jury trial requests, is applicable to this case. Under that provision, a request for a jury trial is timely if filed within ten days of the last pleading directed to any issue triable by a jury or the granting of a motion to withdraw a demand for a trial by jul7- Therefore, the plaintiffs and the trial court were incorrect in reasoning that the failure of the BPPJ to file a request for a jury trial within ten days of the effective date of the amendment to section D forever barred the political subdivision from asserting that right.
The defendants argue that their request for a jury trial was timely, even though filed prior to the passage of the resolution by the police jury waiving the [¿jury trial prohibition. According to the defendants, the Smiths and their insurer initially filed for a trial by jury and therefore, the other parties to the suit did not have to request a jury trial. When the Smiths withdrew their request for a jury trial, the defendants filed their request for a jury trial within ten days, as required by La. C.C.P. art. 1733. The plaintiffs recognize that the request for a jury trial was filed by BPPJ and Industrial, *683 within ten days of the withdrawal of a request for jury trial by the Smiths. However, they contend that when the request was filed, the police jury had not passed a general ordinance or resolution waiving the prohibition against a jury trial. Therefore, the plaintiffs urge strict procedural compliance with the provisions of the statute and contend that the request for jury trial, without an ordinance or resolution, had no effect. We reject this argument.
As stated earlier, the right to a jury trial is recognized as an important fundamental right and the courts should indulge every reasonable presumption against waiver, loss or forfeiture of such right. Any doubt should be resolved in favor of granting a jury trial. As argued by the defendants, there is no specific requirement in La. R.S. 13:5105 D that the ordinance or resolution waiving the prohibition against a jury trial be passed prior to the filing of a request for a jury trial. In several other cases where a request for a jury trial was filed prior to the filing of a pleading raising an issue triable by jury, the courts have held that the filing of the necessary pleading ratified the previous request for a jury trial. See Hicks v. Board of Supervisors of Louisiana State University, 166 So.2d 279 (La.App. 1st Cir.1964); Revel v. Telecheck, (La.App. 4th Cir. 6/10/91), 581 So.2d 405. The reasoning of these cases does not support the contention of the plaintiffs that rigidly strict procedural compliance is necessary to validly request a trial by jury. Specifically limited to' the facts present in this case, we find that the timely filing kof a request for a jury trial, within ten days of the withdrawal of a request for a jury trial by another party, followed by the prompt ratification of that request by the passage of a resolution by the BPPJ, was timely and was proeedurally proper. We do not believe that the legislature intended to impose upon public bodies the onerous burden of both passing a resolution and requesting a jury trial within the narrow ten day time limit. To reiterate, in this case, the police jury acted as quickly as could reasonably be expected in passing its resolution. Also, the resolution was in effect prior to the hearing on the plaintiffs’ motion to strike the jury trial. The circumstances presented did not cause any delay in the progress of the proceedings. Accordingly, under the facts presented in this case, the trial court erred in rejecting the demands of the defendants for a jury trial. However, our holding on this issue is limited to the specific facts presented in the case sub judice. As to Docket No. 31,464-CW, the trial court erred in denying the defendants’ request for a jury trial.
SUBSEQUENT WRIT APPLICATION
Because we grant the defendants’ initial writ application in Docket No. 31,464-CW, and find that they are entitled to a jury trial, consideration of the merits of the writ application in Docket No, 31,571-CW is rendered moot.
CONCLUSION
For the reasons stated above, we grant the writ application of the defendants BPPJ and Industrial and we reverse the trial court ruling denying the defendants a (,trial by jury. We make the writ grant peremptory and we remand the matter to the trial court for a jury trial and further proceedings consistent with this opinion. Costs are assessed to the plaintiffs.
WRIT GRANTED AND MADE PEREMPTORY; TRIAL COURT REVERSED; JURY TRIAL ORDERED; REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.

. La. C.C.P. art. 1733 provides the rule for timely requests for jury trials. The statute provides as follows: '
A. A party may obtain a trial by jury by filing a pleading demanding a trial by jury and a bond in the amount and within the time set by the court pursuant to Article 1734.
B. A motion to withdraw a demand for a trial by jury shall be in writing.
C.The pleading demanding a trial by jury shall be filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for a trial by jury.

. Because we find that the request for a jury trial was timely as to both BPPJ and Industrial, we do not reach the issue of whether Industrial alone was entitled to a trial by jury. However, we note *682 that the jurisprudence holds that the insurer of a public body is entitled to a jury trial, notwithstanding any identity or substantial similarity of issues against the public body and the insurer. Jones v. City of Kenner, 338 So.2d 606 (La.1976); Scurria v. Madison Parish Police Jury, infra.