906 So.2d 547 (2005)
Mark MARTELLO and Carol Martello
v.
CIRCLE K STORES, INC., State of Louisiana, Department of Transportation and Development, City of Baton Rouge, Parish of East Baton Rouge and XYZ Insurance Company.
No. 2004 CA 0139.
Court of Appeal of Louisiana, First Circuit.
February 11, 2005.
Writ Denied April 29, 2005.
*548 Cleo Fields, Baton Rouge, for Plaintiff/Appellee, Mark Martello and Carol Martello.
Maynard K. Batiste, Sr., Baton Rouge, for Defendant/Appellant, State of Louisiana, Department of Transportation and Development.
Randy B. Ligh, Baton Rouge, for Defendant/Appellee, City of Baton Rouge, Parish of East Baton Rouge.
Before: CARTER, C.J., PETTIGREW, and MCDONALD, JJ.
CARTER, C.J.
The sole issue presented by this appeal is whether the State of Louisiana, through the Department of Transportation and Development (DOTD), was improperly denied a jury trial.

FACTS
Mark Martello was injured in the course and scope of his employment with the Baton Rouge City Police Department when the motorcycle he was driving hit a pothole and he was thrown to the ground. Martello and his wife filed suit against Circle K *549 Stores, Inc. (Circle K), DOTD, and the City of Baton Rouge, Parish of East Baton Rouge (City/Parish).
In their answers to the petition for damages, both Circle K and DOTD requested a jury trial. The trial court issued a case management schedule that assigned the case for jury trial on April 8, 2002, and set the jury bond in the amount of $2,000. The case management schedule specified the date the jury bond was due and also that "a true or certified copy of the bond [was] to be delivered by the filing party to the Jury System Coordinator (Room 1002) on the date filed."
Prior to trial, plaintiffs settled their claims against Circle K. The claims against the City/Parish were dismissed by summary judgment, however the City/Parish remained a party to the suit as an intervener. The only defendant remaining at the time of trial was DOTD.
On the day of trial, the trial court informed the parties that DOTD's request for jury trial was denied, stating:
Okay, let the record reflect that the State had asked the court today for a jury trial, but the court has denied that request. A case management schedule was completed on September 5th of 2001 in this matter which indicated that the jury bond would be set in the amount of $2,000.00, and that would be filed no later than February 15th of 2002 by the requesting party, and no later than February 25th by the non-requesting party with a true and certified copy of the bond request to be delivered to the jury system coordinator on the date that it was filed. The court is aware that the State does not have to post a bond just as the City-Parish does not have to post a bond, but they still have to notify the jury system coordinator for the 19th Judicial District Court in Room 1002 so that they will know how many jurors to subpoena. This request for a jury trial although was placed in the request when the answer was filed [sic], there was never a request made by the date of February 25, 2002, as instructed by this party. Therefore, the court has ruled that this will be a bench trial . . . .
Over DOTD's objection, the matter proceeded to a bench trial. After the bench trial, the trial court found DOTD liable to plaintiffs and awarded damages totaling $127,532.09 plus interest. DOTD now appeals, challenging the trial court's denial of its request for a jury trial.[1]

DISCUSSION
The right to a jury trial in a civil case in a Louisiana court is a statutory as opposed to constitutional right. See LSA-C.C.P. arts. 1731-1814; Riddle v. Bickford, 00-2408 (La.5/15/01), 785 So.2d 795, 799. Nonetheless, Louisiana courts have recognized that the right to a civil jury trial is a basic right that should be protected in the absence of specific authority for its denial. Brewton v. Underwriters Ins. Co., 02-2852 (La.6/27/03), 848 So.2d 586, 589. Therefore, when a party makes a timely request and complies with the other procedural requisites, its right to a jury trial cannot be violated. Spencer, 887 So.2d at 33. The courts will indulge every presumption against a waiver, loss, or forfeiture of the right of a litigant to a civil jury trial. *550 Alkazin v. City of Baton Rouge, 97-0738 (La.App. 1 Cir. 11/7/97), 705 So.2d 208, 212.
DOTD timely requested a jury trial in its answer to plaintiffs' petition. See LSA-C.C.P. art. 1733.[2] However, the trial court denied DOTD's request because DOTD did not satisfy the procedural requisite of notifying the jury system coordinator for the 19th Judicial District Court of its desire for a jury trial.
The trial court indicated that the procedural requisite that such notice be provided to the jury system coordinator was set forth in the case management schedule. The case management schedule is a pre-printed form that provides blanks to be filled in with information such as dates and the jury bond amount. Information was handwritten onto the form, stating that the case was set for jury trial on April 8, 2002. The jury bond was set at $2,000 and was ordered to be filed no later than February 15, 2002, by the requesting party and no later than February 25, 2002, by the non-requesting party, "with a true or certified copy of the bond to be delivered by the filing party to the Jury System Coordinator (Room 1002) on the date filed."
At the hearing, the trial court noted that DOTD is not required to post a jury bond. See LSA-R.S. 13:5105 E. However, the trial judge stated, "[T]hey still have to notify the jury system coordinator for the 19th Judicial District Court in Room 1002 so that they will know how many jurors to subpoena." This requirement is not set forth in the case management schedule. According to the case management schedule, it is only a true or certified copy of the bond that is required to be delivered to the jury system coordinator. There is no alternate requirement applicable to a party that, by law, is relieved of any obligation to post a bond.
At oral argument, both parties referred to "local rules," with plaintiffs' counsel suggesting that DOTD failed to perfect its right to a jury trial because it failed to follow local rules. However, we find no requirement in the uniform rules for district courts that the State must provide notice of its intent to proceed with a jury trial to the jury system coordinator. Nor has any party cited such a rule to this court. Louisiana Revised Statute 13:3050 did require a party desiring a jury trial to make an application to order the jury commission to draw an appropriate number of jurors to try the case. However, the legislature repealed that statute by Acts 1983, No. 534, § 11 and we find no similar provision in the current law.[3] We also specifically find that the record contains no evidence that the trial court notified the parties that it was imposing a procedural requisite of providing notice to the jury system coordinator on DOTD.
Louisiana Code of Civil Procedure article 1731, along with DOTD's timely request for a jury trial, provided DOTD with a statutory right to a jury trial under Louisiana law. As long as DOTD complied with the other procedural requisites *551 for a jury trial, its right to a jury trial could not be violated. See Spencer, 887 So.2d at 33. It is the policy of Louisiana courts to indulge every presumption against a waiver, loss, or forfeiture of the right of a litigant to a civil jury trial. Alkazin, 705 So.2d at 212. Considering these statements of law, and absent any authority providing that a party relieved of any obligation to post a jury bond must still notify the jury system coordinator, we must conclude the trial court erred in denying DOTD its statutory right to a jury trial for failing to provide such notice. Accordingly, the judgment appealed from must be reversed and the case remanded for a jury trial.

CONCLUSION
Considering the foregoing, the judgment appealed from is reversed. This matter is remanded for a jury trial. Costs of this appeal are assessed to Mark and Carol Martello.
REVERSED AND REMANDED.
PETTIGREW, J., concurs.
McDONALD, J., concurs with reasons.
McDONALD, J., concurring.
From the transcript of the hearing it is obvious that the trial court was aware that the state was not required to post a bond. It also seems clear that the trial court believed she had informed the attorneys for the state that they had to file something in the record and with the jury coordinator so that potential jurors could be summoned. However, the case management schedule is silent as to this and nothing else in the record reflects that the state was so informed. For these reasons, I respectfully concur.
NOTES
[1] The trial court's denial of DOTD's jury request was an interlocutory ruling. The appropriate remedy for a party aggrieved by such a ruling is either through an application for supervisory writs or appeal after a final judgment. DOTD's choice to seek appeal after rendition of a final judgment does not constitute a waiver of its right to raise the issue. Therefore, the issue is properly before this court at this time. Spencer v. State, through Dept. Transp. Dev., 03-0539 (La.App. 1 Cir. 8/11/04), 887 So.2d 28, 33-34.
[2] We note that the trial court's minute entry for April 8, 2002, states that the trial court denied DOTD's request for jury trial as being untimely. This is not reflected in the transcript, which shows the trial court acknowledged that DOTD requested a jury trial in its answer.
[3] In Scott v. Hardware Mutual Ins., 207 So.2d 817 (La.App. 1 Cir.1968), this court relied on the authority of former LSA-R.S. 13:3050 and held that the denial of a jury trial was proper because, although the plaintiff prayed for a jury trial in their petition, plaintiff did not timely apply for an order for the jury commission to meet. However, since the statute that provided the basis for the opinion has been repealed, Scott is no longer applicable to the issue before the court.