KNOLL, J.,
concurring.
Ill agree with the result reached by the majority in this case. I write separately, however, because the majority opinion does not address what I perceive to be a key issue of this case: Whether the ordinance enacted by the City of Marksville may apply retroactively to pending litigation.
In the absence of contrary legislative expression, substantive laws apply prospectively only; procedural and interpretative laws apply both prospectively and retroactively. La. Civ.Code art. 6. Therefore, under Article 6, a court must make a two-part inquiry to determine if a law may apply retroactively. First, a court must ascertain whether the enactment expresses legislative intent regarding its retrospective application. If such intent is expressed, the inquiry ends. If no such intent is expressed, the enactment must be classified as either substantive, procedural, or interpretive. M.J. Farms, Ltd. v. Exxon Mobil Corp., 07-2371, p. 18 (La.7/1/08); 998 So.2d 16, 29. However, even where there is express intent to give a law retroactive effect, the law may not be applied retroactively if it would impair contractual .obligations or disturb vested rights. Id., 07-2371 at 18; 998 So.2d at 30.
12Here, the City’s ordinance is intended to apply retroactively, as it expressly waives the prohibition in “any pending lawsuit or any future lawsuit.” Further, the ordinance constitutes a procedural law. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws, as opposed to substantive laws which either establish new rules, rights, and duties or change existing ones. Rousselle v. Plaquemines Parish Sch. Bd., 93-1916 (La.2/28/94); 633 So.2d 1235, 1244. This Court has held La.Rev.Stat. § 13:5105 “ ‘provide[s] a procedure’ for suits against public bodies.” Jones v. City of Kenner, 338 So.2d 606, 608 (La.1976). Further, we have noted “[a] jury trial is simply a method of enforcing substantive rights. As such, it is purely remedial.... ” Lavergne v. Western Co. of North America, Inc., 371 So.2d 807, 810 (La.1979) (citation omitted). As one appellate court, in addressing the retroactive effect of La. Rev.Stat. § 13:5105, observed “trial by jury or by judge is a means or mode of proceeding by which a legal right is enforced; it is the machinery, as distinguished from its product, the judgment.” Carter v. City of New Orleans, 327 So.2d 488, 491 (La.App. 4 Cir.1976); see Pelloat v. Greater New Orleans Expressway Comm’n, 175 So.2d 656, 658 (La.App. 1 Cir.1965), writ not considered, 248 La. 122, 176 So.2d 452 (1965) (holding “a right to trial by jury [against a public body] is procedural” and characterizing La.Rev. Stat. § 13:5105 (then § 13:5104) as “a purely procedural act”).
Additionally, the lower courts which have specifically considered the waiver provisions of La.Rev.Stat. § 13:5105(0 and (D) have repeatedly concluded they are procedural in nature, and have applied the statute to pending litigation. See Alkazin v. City of Baton Rouge, 97-0738, p. 7 (La.App. 1 Cir. 11/7/97); 705 So.2d 208, 211; Blanchard v. City Parish of East Baton Rouge, 95-2011, p. 13 (La.App. 1 Cir. 4/30/96); 674 So.2d 317, 325, writ denied, 96-1511 (La.9/20/96); 679 So.2d 443; Adams v. City of Baton Rouge, 95-2515, p. *343 17 (La.App. 1 Cir. 4/30/96); 673 So.2d 624, 635, writ denied) 96-1491 (La.9/20/96); 679 So.2d 439; writ denied, 96-1492 (La.9/20/96); 679 So.2d 439.
Applying this reasoning to the present case, I find the City’s ordinance is a procedural law. The ordinance was enacted in accordance with La.Rev.Stat. § 13:5105, which courts have uniformly characterized as procedural, and the ordinance, by providing the option of a jury trial, concerns the form of proceedings and the method for plaintiffs to enforce their rights.[1]
Finally, the application of the City’s ordinance to pending litigation would not impair plaintiffs’ contractual obligations or disturb their vested rights. The ordinance, rather than depriving plaintiffs of an existing right, grants a right to a jury trial to a party, who previously had no right to one. Plaintiffs cannot contend they have a vested right not to have a jury trial. Cf. Naquin v. Titan Indemnity Co., 00-1585, p. 5 (La.2/21/01); 779 So.2d 704, 708 (“No one has a vested right in any given mode of procedure.”); Blanchard, 95-2011 at 13; 674 So.2d at 325 (“There is [not], nor has there ever been, a vested right not to have a jury trial in a civil case, unless the jury trial is expressly not available under existing law.”); Adams, 95-2515 at 17; 673 So.2d at 635 (same).
Accordingly, I agree with the conclusion that the City’s ordinance did not violate plaintiffs’ equal protection rights, as both parties had equal opportunity to demand a jury trial.

. The present case is distinguishable from Cambridge Corner Corp. v. Menard, 525 So.2d 527 (La.1988), where this Court held an amendment to La.Code Civ. Proc. art. 1732(1) raising the amount in dispute for a jury trial to $20,000 was substantive in nature, and could not apply retroactively. In Cambridge, the amendment retroactively deprived plaintiffs of their right to a jury. In the present case, plaintiffs had no right to a jury trial until the City enacted the ordinance.