# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DIANA VELEZ

VERSUS

GEICO CASUALTY COMPANY

NO.  2019 CW 1397

**JAN 2 3 2020**

---

In Re:  Diana Velez, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 2017-12006.

---

BEFORE:  **WHIPPLE, C.J., McDONALD, THERIOT, CHUTZ, AND BURRIS,**[1] **JJ.**

**WRIT GRANTED.**  The district court's October 17, 2019 judgment denying the "Motion to Strike Jury Order, to Remove the Case from the Jury Trial Docket, and Set Status Conference to Schedule a Bench Trial with New Pre-Trial Deadlines" filed by Plaintiff, Diana Velez, is reversed.  Louisiana Code of Civil Procedure article 1733 requires that a request for a trial by jury be included in a pleading filed not later than ten days after either the service of the last pleading directed to any issue triable by a jury, or the granting of a motion to withdraw a demand for trial by jury.  While the right to a jury trial is fundamental, it must be timely requested. **Alkazin v. City of Baton Rouge,** 97-0738 (La. App. 1st Cir. 11/7/97), 705 So.2d 208, 211.  It is undisputed that neither party made a request for a jury trial in a pleading.  Therefore, the motion to strike the jury order and to remove the case from the jury trial docket is granted, and this matter is remanded to the district court for further proceedings.

**VGW**
**MRT**
**WRC**
**WJB**

**McDonald, J.,** dissents and would deny the writ application. See **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (per curiam).

COURT OF APPEAL, FIRST CIRCUIT

*[signature]*

DEPUTY CLERK OF COURT
FOR THE COURT

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.