336 So.2d 904 (1976)
Kevin P. CAZES et al.
v.
Laura C. RAGUSA et al.
No. 7704.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1976.
*905 Murray & Murray, Ltd., Julian R. Murray, Jr., New Orleans, for plaintiffs-respondents Kevin P. Cazes et al.
Porteous, Toledano, Hainkel & Johnson, William W. Miles, New Orleans, for defendants-relators.
Louis A. Hyde, Jr., New Orleans, for plaintiff-respondent Gary A. Haisch.
Before SAMUEL, STOULIG and BEER, JJ.
BEER, Judge.
We granted a writ of certiorari to review the judgment of the district court dated February 27, 1976, which dismissed the defendant-relators' rule to show cause why the case should not be returned to the jury docket of the Civil District Court.
A review of the record indicates that plaintiffs, Kevin P. Cazes, et al (respondents, here), filed suit against the defendants, Laura C. Ragusa, wife of/and Ronald J. Ragusa and State Farm Insurance Company (relators, here), in the Civil District Court for the Parish of Orleans on July 8, 1974. They sought damages in the amount of $260,100.00, and, in their original petition, expressly demanded trial by jury.
Issue was joined and the case was placed on the jury docket of the Civil District Court to await trial by jury in accordance with plaintiffs' timely demand for same.
Subsequently, for reasons of their own (and after considerable delay due, in part, to the understandable fact that earlier trial dates can usually be obtained for non-jury cases), plaintiffs decided to waive their demand for jury trial and so advised the court which, thereupon, ordered the case transferred to the non-jury docket to await trial. Defendants had not consented in any way to this and, upon being notified of the transfer, sought to have the matter returned to the jury docket by provoking a hearing on a rule to show cause why the case should not be so returned. It was from the dismissal of this rule that writs were sought by defendant-relators and granted by us.
It is apparent from the record that considerable pre-trial activity has taken place in this case, and that the trial judge, to a substantial extent, has, quite properly, participated in same. Such activity took place with all parties, including the trial judge, fully aware of the fact that the case would eventually be tried by jury. Although it may only be conjectural to believe that the attorneys representing the various parties might have gone about their professional business, at least vis-a-vis the trial judge, in a different or perhaps more guarded way had the case been set for judge trial, we need not delve into those possibilities in order to resolve this matter. For, we find no merit whatsoever in the contention that a party who has not originally demanded trial by jury is, somehow, obliged to duplicate that demand when it is obvious from the record that another party has made the demand and that the case has, pursuant to that demand, been placed on the jury docket. We agree with that portion of Judge Culpepper's opinion in Huntsberry v. Millers Mutual Fire Insurance Co., 199 So.2d 196 (La.App.3rd Cir., 1967), which states:
"In other words if a timely and proper demand for jury is made all other parties in the action who are affected by the demand may rely thereon and need not make a jury demand for issues embraced therein." (Emphasis ours.)
A party who has demanded trial by jury does have the right to make timely withdrawal of such demand and to take action which would precipitate an order of court transferring the case from the jury docket to the non-jury docket. However, *906 when this is the case, any other party to the litigation must be accorded sufficient procedural protection to permit him to then interpose his demand (if any he may have) for trial by jury.
Since neither party can, without his neglect or consent, be deprived of his right to jury trial and since no other party to the suit is required to duplicate a request for jury trial, any withdrawal of the request for jury trial by the original party seeking and obtaining same must, necessarily, entitle the other parties to an opportunity to make a timely request for jury trial in their behalf.
We conclude that relators, relying upon original plaintiffs' request for, and subsequent grant of, a jury trial, must not be prejudiced by plaintiffs' withdrawal of that request and must be accorded a right to timely file their request upon receipt of the notification of plaintiffs' request being withdrawn.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans dated February 27, 1976, dismissing the defendant-relators' rule to show cause why the case should not be returned to the jury docket, is reversed and set aside, and it is now ordered, adjudged and decreed that this matter be and the same is hereby remanded to the Civil District Court for the Parish of Orleans with the following directions:
From the date upon which this record is remanded and again lodged in the Civil District Court for the Parish of Orleans, relators (defendants, here) shall, in accordance with LA-C.C.P. Article 1732, have ten days within which to take such action as is necessary to perfect their demand for trial by jury. This accomplished, the Civil District Court for the Parish of Orleans shall reset the matter for trial by jury and shall render such orders for the accomplishment thereof consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.