REDMANN, Judge.
On the application of Johns-Manville Sales Corporation, one of several defendants in this action for failure of a roof, we grant mandamus to order the trial judge to grant jury trial.
This action began against several defendants in 1977. In 1980 plaintiff added Mechanical Construction Co. as a defendant. Mechanical moved for a trial by jury on October 27, 1980,[1] well within ten days of service of its supplemental answer. On March 13, 1981, Johns-Manville filed a request for trial by jury, noting prior inaction on Mechanical’s request. On March 23 the trial judge denied both requests for jury trial and this writ application followed.
La. C.C.P. 1732 provides:
A party may demand a trial by jury of any issue triable of right by a jury in a pleading filed not later than ten days after the service of the last pleading directed to such issue.
When the last pleading, such as an amended answer, is directed to only one issue, such as quantum, the Louisiana supreme court apparently interprets that article to afford trial by jury not merely as to “such issue” but as to all issues; Barberito v. Green, La.1973, 275 So.2d 407. And when the last pleading is filed by only one of several defendants, the plaintiff by time *955 ly asking can obtain trial by jury as to all defendants, Cornish v. American Ins. Co., La.App. 1 Cir. 1970, 238 So.2d 765. Simple fairness dictates that if the plaintiff could, within ten days of service of the last defendant’s answer (or amended answer), obtain jury trial against a 11 defendants, then any defendant (rather than just the one who filed the last pleading) should also be allowed within the same time period to obtain jury trial. Thus we conclude that, after co-defendant Mechanical served its amended answer in October 1980, plaintiff City Stores Company could have asked for jury trial (as to all defendants) and so could co-defendant Johns-Manville.
Louisiana courts have decided that if any party entitled to demand a jury trial does so, then no other party is obliged to do so; Alger v. Continental Contractors, Inc., La. App. 4 Cir.1979, 878 So.2d 556. We thus conclude that Johns-Manville was not obliged to file its own demand for a jury trial because the demand by Mechanical protected the right of all parties to a jury trial.
City Stores argues that Mechanical is probably going to be dismissed as a defendant by summary judgment, that there will then be no jury trial as to Mechanical, and therefore there should be no jury trial at all. We believe that such a circumstance would be governed in principle by Cazes v. Ragusa, La.App. 4 Cir. 1976, 336 So.2d 904. In Cazes we held that if the party who demanded the jury later withdraws his request, the other parties must then be allowed the opportunity to make the request that they withheld (as unnecessary) while the first request was protecting them. If, in our case, Mechanical is dismissed before trial, that would be the equivalent of withdrawing its request, and the other parties would have to be allowed the opportunity to make their requests. (Because Johns-Man-ville has in fact made such a request by now, the dismissal of Mechanical would not affect other parties’ entitlement to jury trial.)
It is therefore ORDERED that the Honorable Joseph V. DiRosa, Judge, Division “L”, Civil District Court for the Parish of Orleans, vacate his ruling of March 23,1981 and enter in lieu thereof an order granting jury trial.

. City Stores’ counsel finds no such motion in the four-volume record, but he says he received an unconfirmed copy by mail and he further informs us that the clerk’s docket is annotated “October 27, 1980 Motion for Trial by Jury (Order not signed).” We assume the trial judge concluded that the motion was filed and we believe that conclusion supported by the facts counsel recites. Presumably the motion was misfiled or otherwise lost.