499 So.2d 322 (1986)
Sherrial T. ST. AMANT
v.
AETNA CASUALTY AND SURETY CO.
No. 85-CA-1164.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
Writ Denied February 20, 1987.
Larry P. Boudreaux, Thibodaux, for plaintiff-appellant Sherrial T. St. Amant.
David D. Bordelon, Houma, La., for defendant-appellee Aetna Cas. and Sur. Co.
Before EDWARDS, WATKINS and Le BLANC, JJ.
*323 EDWARDS, Judge.
Plaintiff, Sherrial T. St. Amant, appeals from the judgment of the trial court in favor of the defendant, Aetna Casualty and Surety Co., in his action for personal injury damages. We affirm.
On March 19, 1983, St. Amant was injured when the operator of a faded, green pick-up truck crossed the center of the roadway into his lane and forced him to swerve sharply to avoid being hit head-on. Plaintiff alleges that the truck hit the passenger side of his vehicle which caused him to lose control and crash. There were no witnesses to the accident and the driver of the truck was never identified.
St. Amant filed a claim against Aetna, his liability insurer, for his damages. Defendant paid all of St. Amant's medical expenses under his medical payments coverage, but refused to pay any damages under plaintiff's uninsured motorist coverage. Aetna claimed that the accident was not covered by St. Amant's uninsured motorist insurance since the policy required physical contact between the plaintiff's vehicle and the "hit-and-run" vehicle. Defendant contended that no physical contact occurred between the two vehicles.
Plaintiff filed suit against Aetna on March 19, 1984. Aetna prayed for trial by jury but failed to post bond within the time period set by the court. St. Amant did not learn of Aetna's abandonment of its request for a jury until shortly before the trial. The trial court granted plaintiff's motion to continue the trial, but denied his request for trial by jury. After trial on the merits, the court rendered judgment in favor of Aetna.
St. Amant appealed, alleging that the trial court erred in: (1) denying plaintiff's request for a jury trial; (2) finding that there was no physical contact between plaintiff's vehicle and the open truck; and (3) declaring that Aetna's policy provision requiring actual physical contact was not against public policy.

TRIAL BY JURY
The litigant's right to trial by jury is fundamental in character. This right "is favored in the law, and any doubtful statutory provisions should be liberally construed in favor of the jury trial." Duplantis v. USF & G, 342 So.2d 1142, 1144 (La. App. 1st Cir.1977). To exercise this right, a party must file a pleading requesting a trial by jury and post a bond "in the amount and within the time set by the court pursuant to Article 1734." LSA-C. C.P. art. 1733. Article 1734 states that:
A. When the case has been set for trial, the court shall fix the amount of the bond to cover all costs related to the trial by jury and shall fix the time for filing the bond. Notice of the fixing of the bond shall be served on all parties. If the bond is not filed timely, any other party shall have an additional ten days to file the bond.
The rights of the other parties are protected by the requirement that all parties receive notice of the amount and time for the filing of the bond as soon as they are set by the court. In addition, the other parties are given ten extra days to post the jury bond if it is not filed timely by the original party. See LSA-C.C.P. art. 1734, comment (a). In the instant case, the trial judge set July 16, 1984, as the last date Aetna could file the bond. When Aetna failed to do so, plaintiff had until July 26 to post the bond. Plaintiff did not file the bond timely.
St. Amant argues that his failure to timely post the jury bond should be excused since he was not notified of Aetna's failure to post the bond. Article 1734 does not require notification of a party's failure to post the jury bond. It provides for notice to all parties when the court sets the date for the filing of the bond. All parties are thus aware that the jury bond must be filed by the set date. If the requesting party fails to file the bond timely, the attorney for the other party must post the bond within ten days in order to preserve his client's rights.
*324 Plaintiff relies on Cazes v. Ragusa, 336 So.2d 904 (La.App. 4th Cir.1976), as support for his argument that he should not be prejudiced by the defendant's failure to post the jury bond timely. In Cazes, the trial court refused to allow the defendants to file their demand for a jury trial after the plaintiffs withdrew their original request. The Fourth Circuit noted that a party is entitled to rely upon the other party's request for a jury trial and should not be prejudiced by the withdrawal of that request. The court concluded that the defendants should be given ten days from the date of remand to perfect their request for a jury trial. Id. at 906. The instant case can be distinguished from Cazes since defendant's failure to post the jury bond did not prejudice St. Amant. After the date for Aetna to file the bond had passed, plaintiff had ten additional days to post the bond under LSA-C.C.P. art. 1734.
St. Amant argues that the only way Aetna could validly withdraw its demand for a jury trial was by written motion under LSA-C.C.P. art. 1733. Plaintiff contends that written withdrawal of the demand is required to protect the right of the other parties. We disagree. Article 1733 states in pertinent part that:
B. A motion to withdraw a demand for a trial by jury shall be in writing.
C. The pleading demanding a trial by jury shall be filed not later than ten days after ... the granting of a motion to withdraw a demand for a trial by jury.
In the instant case, Aetna lost its right to a jury trial by failing to post the jury bond. St. Amant's right to request a jury trial was not infringed however. Article 1734 protected this right by allowing him an additional ten days within which to post the jury bond once the date for Aetna to file it had passed. Both plaintiff and defendant were aware that the last date Aetna could file the bond was July 16, 1984. Therefore, we find that the trial court correctly concluded that plaintiff lost his right to demand a jury trial when he failed to file the jury bond by July 26, 1984.

STANDARD OF REVIEW
St. Amant contends that there was sufficient evidence presented at trial for a rational trier of fact to conclude that there was physical contact between plaintiff's vehicle and the hit-and-run truck. Appellate courts follow the standard of review set forth in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The Louisiana Supreme Court stated that appellate courts should not disturb the trial court's factual findings unless manifest error was committed. The court added that "appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous)." Id. at 1333. In the instant case, the record does not establish that the trial court's finding was clearly wrong. There were no witnesses to the accident. The court had only St. Amant's testimony that the phantom truck hit his vehicle. The investigating state trooper testified that physical contact between the vehicles would have resulted in a transfer of paint from one vehicle to the other. No paint transfers were found on St. Amant's vehicle. The trial court noted it believed St. Amant's testimony that he had to take evasive action to avoid a head-on collision, but it found that he did not prove that physical contact occurred. After a thorough review of the record, we are convinced that the decision of the trial court is not manifestly erroneous.

"HIT-AND-RUN" COVERAGE
St. Amant contends that Aetna's policy provision, which requires actual physical contact between the vehicles for uninsured motorist coverage to apply, is against public policy. This issue was addressed in Harrison v. Commercial Union Ins. Co., 471 So.2d 922 (La.App. 2d Cir.1985), and Carter v. Leonard, 413 So.2d 244 (La.App. 4th Cir.), cert. denied, 420 So.2d 442 (La. 1982). The Second and Fourth Circuits both held that it was not against public *325 policy for an insurance company to exclude coverage in such a case. In Harrison, the court noted that the apparent reasoning for the inclusion of the physical contact rule in the definition of a hit-and-run vehicle is to avoid, as much as possible, false or fraudulent claims in which the insured alleges that a one-car accident was caused by some phantom automobile. Id. at 924.
This court recognizes that the physical contact rule may not always have the desired effect of inhibiting fraudulent claims. On the contrary, a motorist involved in a single car accident could damage his own car so as to leave apparent proof that "physical contact" occurred with a non-existent phantom vehicle. However, since the legislature does not require that insurance companies provide protection against "miss-and-run" motorists, we must enforce the clear language of this insurance contract. All costs of this appeal are to be paid by appellant.
AFFIRMED.