CARTER, C.J.
| aThis court granted a writ of certiorari to resolve whether the trial court properly granted plaintiffs motion to strike jury trial.
*23 FACTS
The instant action is a suit for damages arising out of a fire that occurred on January 13, 2002, at the Baton Rouge refinery of ExxonMobil Corporation, where plaintiff Joel Willeby was employed. Named as defendants are JE Merit Constructors, Inc. and seven of its employees. Plaintiff prayed for a jury trial in the original petition. Likewise, in their answer, defendants requested a trial by jury.
On March 4, 2004, the trial court issued a Jury Trial Order, setting the trial for October 6, 2004. The Jury Trial Order further provided:
In lieu of bond, a cash deposit for costs will be set by written order after the initial status conference. Unless such cash deposit for costs are posted SO days in advance of the trial date, the JURY WILL BE STRICKEN EX PARTE BY THE COURT on its own motion and the case will proceed by bench trial.
The party requesting the jury must post cash in the amount of $2136.00 by September 1, 2004. Other parties desiring trial by jury must post said cash within ten days thereafter. Counsel are given this responsibility to check record to see if said cash bond has been posted. If said cash bond is not posted within said time period, the jury will be stricken, all in accordance with CCP Art, 1734.1.
Plaintiff did not post the cash deposit on or before September 1, 2004. On September 3, 2004, defendants posted the cash deposit required by the Jury Trial Order. Thereafter, plaintiff moved to strike the jury trial and for a continuance.
On October 6, 2004, the trial court considered plaintiffs motion to strike the jury and for a continuance. The trial court continued the trial until | ¿August 15, 2005, and ordered the jury to be stricken.[1] Defendants applied for writs, seeking review of the trial court’s grant of plaintiffs motion to strike jury trial. We granted cer-tiorari to determine the correctness of that decision.
DISCUSSION
Defendants posted the cash deposit with the trial court on September 3, 2004, within ten days of the lapse of the September 1, 2004, deadline for posting the deposit set forth in the Jury Trial Order. The trial court granted plaintiffs motion to strike jury trial on the grounds that defendants’ deposit was untimely.
The right to a jury trial in a civil case in a Louisiana court is a statutory as opposed to a constitutional right. See LSA-C.C.P. arts. 1731-1814; Riddle v. Bickford, 00-2408 (La.5/15/01), 785 So.2d 795, 799. Nonetheless, Louisiana courts have recognized that the right to a civil jury trial is a basic right that should be protected in the absence of specific authority for its denial. Brewton v. Underwriters Ins. Co., 02-2852 (La.6/27/03), 848 So.2d 586, 589. Therefore, when a party makes a timely request and complies with the other procedural requisites, its right to a jury trial cannot be violated. Spencer v. State ex rel. Dept. of Transp. and Development, 03-0539 (La.App. 1 Cir. 8/11/04), 887 So.2d 28, 33. The courts will indulge every presumption against a waiver, loss, or forfeiture of the right of a litigant to a civil jury trial. Alkazin v. City of Baton Rouge, 97-0738 (La.App. 1 Cir. 11/7/97), 705 So.2d 208, 212.
|fiThis presumption against waiver of the right to a jury trial applies to all *24 parties. Louisiana Code of Civil Procedure article 1734.1 A provides in pertinent part:
Notice of the fixing of the deposit shall be served on all parties. If the deposit is not timely made, any other party shall have an additional ten days to make the required deposit. Failure to post the cash deposit shall constitute a waiver of a trial by jury.
Following failure of the requesting party to make timely payment of the deposit for costs associated with a jury trial, the other litigants are entitled to step forward and invoke the right to a jury trial by paying the deposit themselves.
In briefs to this court, defendants argue that when two or more parties to a suit have requested a jury trial, it is the party who first made the request who bears the burden of posting a deposit under Article 1734.1. Upon default by the original requesting party, defendants contend that all other parties are then granted the right to step forward and preserve the jury by making a deposit within ten days from the lapse of the deadline set forth in the scheduling or jury trial order.
Defendants cite the cases of Cazes v. Ragusa, 336 So.2d 904 (La.App. 4 Cir. 1976) and St. Amant v. Aetna Casualty and Surety Co., 499 So.2d 322 (La.App. 1 Cir.1986), as authority for the position that they should not be prejudiced by the assertion of a duplicate request for a jury trial. In Cazes, the plaintiffs made a jury trial request in the original petition but later waived their demand for jury trial in writing, without notice to the defendants. Upon receipt of the waiver by the court, the matter was transferred to the non-jury docket to await trial. Thereafter, the defendants sought to have the matter returned to the jury trial docket. The defendants’ |firule to show cause was dismissed by the trial court and the defendants applied for supervisory writs. On writs, the Fourth Circuit Court of Appeal reasoned:
Since neither party can, without his neglect or consent, be deprived of his right to jury trial and since no other party to the suit is required to duplicate a request for jury trial, any withdrawal of the request for jury trial by the original party seeking and obtaining same must, necessarily, entitle the Other parties to an opportunity to make a timely request for jury trial in Their behalf.
Cazes, 336 So.2d at 906. Accordingly, the appellate court remanded the matter to the trial court with instruction that the defendants had ten days to perfect their demand for trial by jury.
Similarly, in St. Amant, the defendant prayed for trial by jury but failed to post the required bond within the time period set by the court. Upon learning of abandonment of the jury trial request by the defendant insurer, the plaintiff filed a request for a jury trial. The plaintiffs request, however, was made more than ten days after the original deadline for posting a bond. The trial court denied the request for a jury trial and found in favor of the defendant after a trial on the merits.
On appeal, this court affirmed the trial court and held that the plaintiff lost his right to demand a jury trial. This court reasoned that the plaintiffs right to request a jury trial was not infringed by the defendant’s failure to timely post a bond:
The rights of the other parties are protected by the requirement that all parties receive notice of the amount and time for the filing of the bond as soon as they are set by the court. In addition, the other parties are given ten extra days to post the jury bond if it is not filed timely by the original party.
*25 \7 St. Amant, 499 So.2d at 323. Where all parties were notified of the deadline for posting a bond by the defendant, this court held that the plaintiff lost his right to demand a jury trial when he failed to file the jury bond within ten days of the deadline.
In accordance with the Cazes and St. Amant cases, defendants herein argue that the Jury Trial Order must be interpreted so that plaintiffs request for a jury trial, in the absence of a formal withdrawal thereof, remained viable until September 1, 2004. In this sense, defendants contend that the Order required plaintiff to post a deposit by September 1, 2004 and allowed defendants an additional ten days to post the deposit upon failure of plaintiff to deliver timely payment.
In opposition to the writ application, plaintiff argues that the express language of the Jury Trial Order requires “the party requesting the jury” to post a cash deposit by September 1, 2004. Since both plaintiff and defendants requested a jury trial in this case, plaintiff argues that this language applies equally to all parties, making September 1, 2004, the deadline for payment of a deposit by defendant. This interpretation, however, ignores the intent of Article 1734.1, which allows any other party an additional ten days to make the required deposit upon failure of the requesting party to make payment. Further, this interpretation would lead to absurd consequences as it would require a defendant to foresee the future as to whether a plaintiff will post a deposit before the deadline provided in the jury trial order. In the alternative, a defendant would be forced to post the deposit before the deadline expires, possibly leading to the posting of duplicate deposits by the litigants.
| sIn the instant case, defendant made every effort to invoke the right to a jury trial. Although plaintiffs requested a trial by jury in the original petition, defendants out of an abundance of caution reiterated this request in their answer. Further, following failure of plaintiffs to post the bond by September 1, 2004, defendants timely posted the deposit thirty days prior to the original trial date and well within ten days following default by plaintiff. Defendants made every effort to comply with the Jury Trial Order and the dictates of Article 1734.1. Under this circumstance, there is no authority to support the position that defendants waived their right to a trial by jury. To the contrary, Article 1734.1 provides that defendants were entitled to preserve the jury by making the deposit within ten days following failure of plaintiff to make payment. Insofar as defendants posted the deposit on September 3, 2004, defendants timely invoked the right to a trial by jury and are entitled to present their case to a jury of their peers. Accordingly, the judgment granting the plaintiffs motion to strike jury trial must be reversed and the case remanded for a jury trial.
CONCLUSION
Considering the foregoing, the order granting plaintiffs motion to strike jury trial is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.
WRIT GRANTED; JUDGMENT REVERSED; AND REMANDED.

. The order signed October 22, 2004, effectively rescinded two previously signed contradictory orders, one granting the motion to strike and one dismissing the motion to strike.