# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 08-1041

**MARY GUILLORY WILLIS, ET UX.**

**VERSUS**

**CENLA TIMBER, INC.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 222,454
HONORABLE GEORGE CLARENCE METOYER., JR, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**

**R. Greg Fowler**
**Attorney at Law**
**3918 B Independence Drive**
**Alexandria, LA 71303**
**(318) 487-9200**
**Counsel for Plaintiff/Appellee:**
**Robert Guillory**

**Ricky L. Sooter**
**Jeremy C. Cedars**
**Attorney at Law**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Third-Party/Appellant:**
**Donald Guillory**

**Walter Brent Pearson**
**Attorney at Law**
**P. O. Box 330**
**Alexandria, LA 71309-0330**
**(318) 445-1488**
**Counsel for Plaintiff/Appellee:**
**Mary Guillory Willis**

**Gregory Lynn Jones**
**Attorney at Law**
**P. O. Box 4478**
**Pineville, LA 71361**
**(318) 448-4040**
**Counsel for Defendant/Appellee:**
**Cenla Timber, Inc.**

**EZELL, JUDGE.**

In this appeal, Donald Guillory appeals the decision of the trial court granting summary judgment in favor of Cenla Timber, Inc. The trial court ordered Mr. Guillory to completely indemnify Cenla in a suit brought against it by Mary Guillory Willis, Mr. Guillory's sister, for the wrongful cutting of timber. For the following reasons, we reverse the decision of the trial court and remand the case for further proceedings consistent with this opinion.

### FACTS

In May 2003, Mr. Guillory contacted Cenla through his agent, Bruce Willis Forest Management, to sell standing timber on three tracts of land. Mr. Guillory represented that the land was owned in whole by him throughout the dealings with Cenla. Cenla agreed to purchase "all merchantable timber" on the tracts of land, and Willis Forest Management prepared a timber deed in accordance with the agreement. Cenla paid Mr. Guillory $33,696 for the timber, that was actually co-owned by his sister, Mary Guillory Willis. The timber was cut during 2003 and 2004.

In October 2005, Mrs. Willis filed suit against Cenla to recover damages resulting from the cutting of her share of the timber. Cenla then filed a third-party demand against Mr. Guillory. Cenla filed a motion for summary judgment seeking to have Mr. Guillory held liable to them for the amounts paid to him for the timber which was co-owned by Mrs. Willis, and to order Mr. Guillory to indemnify Cenla for "any and all amounts awarded" to Mrs. Willis in her suit against them. The trial court granted the summary judgment in favor of Cenla. From this decision, Mr. Guillory appeals.

1

**ISSUE**

Mr. Guillory asserts three assignments of error on appeal. However, as we agree with the second, that the trial court erred in granting Cenla complete indemnification when issues of fact existed as to its own liability under La.R.S. 3:4278.1, et seq., we need not address the remaining two.

**STANDARD OF REVIEW**

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The party seeking summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. La. Code Civ.P. art. 966(C). A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So.2d 764. Appellate review of summary judgments is de novo, utilizing the same criteria that guide the trial court. *Guillory v. Interstate Gas Station*, 94-1767 (La. 3/30/95), 653 So.2d 1152.

Louisiana Revised Statutes 3:4278.1 states, in pertinent part:

A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement.

B. Whoever willfully and intentionally violates the provisions of Subsection A shall be liable to the owner or legal possessor of the trees for civil damages in the amount of three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, plus reasonable attorney's fees.

2

C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees.

Further, La.R.S. 3:4278.2 states, in pertinent part, as follows:

B. A buyer who purchases the timber from a co-owner or co-heir of land may not remove the timber without the consent of the co-owners or co-heirs representing at least eighty percent of the ownership interest in the land, provided that he has made reasonable effort to contact the co-owners or co-heirs who have not consented and, if contacted, has offered to contract with them on substantially the same basis that he has contracted with the other co-owners or co-heirs.

. . . .

E. Failure to comply with the provisions of this Section shall constitute prima facie evidence of the intent to commit theft of the timber by such buyer.

As stated in *McConnico v. Red Oak Timber Co.*, 36,985, p.4 (La.App. 2 Cir. 5/16/03), 847 So.2d 191, 195:

La.R.S. 3:4278.1 must be read *in pari materia* with its companion statute, La.R.S. 3:4278.2. R.S. 3:4278.2 provides that a co-owner of land may sell his or her undivided interest in the timber; however, the buyer cannot remove the timber without the consent of at least 80% of the ownership interest in the land. La.R.S. 3:4278.2(A) and (B). Failure to comply with the provisions of the statute constitutes prima facie evidence of intent to commit theft by the buyer. La.R.S. 3:4278.2(E). Accordingly, reference to "the owner or legal possessor" in La.R.S. 3:4278.1 must be construed to mean "at least 80% of the ownership interest in the land."

In general, a third party dealing with immovable property is charged with knowledge and notice of the existence and contents of a recorded instrument affecting the property. Ignorance of such is culpable. *Powell v. Dorris*, 35,510 (La.App. 2 Cir. 4/5/02), 814 So.2d 763; *Ridgedell v. Succession of Kuyrkendall*, 98-1224 (La.App. 1 Cir. 5/19/99), 740 So.2d 173. Where such an instrument contains language that fairly puts a purchaser on inquiry as to the title and he does not avail himself of the

3

means and facilities at hand to obtain knowledge of the true facts, he is to be considered as having bought at his own risk and peril. *Cole-Gill v. Moore*, 37,976 (La.App. 2 Cir. 12/19/03), 862 So.2d 1197, *writs denied*, 04-446, 04-657 (La. 4/30/04) 872 So.2d 501, 502.

The evidence submitted by Cenla in conjunction with its motion for summary judgment does not indicate that there is no genuine issue of material fact as to its own liability in this matter. To the contrary, the affidavit of Blaine Ussery, the vice-president of Cenla, indicated that, rather than checking the public record as required by them, Cenla executed the timber deed solely based on the representations of Mr. Guillory and his agent, Bruce Willis.

As noted above, Cenla is charged with knowledge of Mrs. Willis' ownership interest and cannot insulate itself from any liability merely by purchasing the property from Mr. Guillory, regardless of how improper his actions may have been, when the public records indicate that the property was owned by Mrs. Willis. By failing to examine the public record, Cenla proceeded at its own peril. Moreover, Cenla's reliance on the specific terms of a legal contract with less than eighty percent of the ownership does not exempt it from liability under La.R.S. 3:4278.1. *McConnico*, 847 So.2d 191. As such, there exists a genuine issue of material fact as to the comparative fault between Cenla and Mr. Guillory for the wrongful cutting of Mrs. Willis' timber. While Mr. Guillory did not supply any evidence in opposition to Cenla's motion for summary judgment, he did not need to, as Cenla failed to made a *prima facie* showing that its motion should be granted, or that it was entitled to judgment as a matter of law.

4

## CONCLUSION

For the above reasons, the decision of the trial court granting summary judgment in favor of Cenla is hereby reversed.  The matter is remanded for further proceedings consistent with this opinion.  Costs of this appeal are assessed to Cenla Timber, Inc.

**REVERSED AND REMANDED.**