STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-1333


JAMES JOSEPH KEYES, JR.

VERSUS

ALLISON THIBODEAUX, ET AL.



**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 116739-A
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.


**REVERSED AND REMANDED.**



**John Robert Shea**
**John Shea & Associates**
**1817 W. University Avenue**
**Lafayette, LA 70506**
**(337) 981-7432**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **James Joseph Keyes, Jr.**

**Eric T. Haik**
**P. O. Box 11040**
**New Iberia, LA 70562-1040**
**(337) 365-5486**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Lighthouse Property Ins. Corp.**

**Suzanne M. deMahy**
**Public Defenders Office, Sixteenth Judicial District Court**
**110 West Washington St.**
**New Iberia, LA 70560**
**(337) 365-4006**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Allison Thibodeaux**

**EZELL, Judge.**

James Keyes appeals the judgment of the trial court below granting summary judgment in favor of Allison Thibodeaux's homeowners' insurer, Lighthouse Property Insurance. For the following reasons, we reverse the decision of the trial court and remand this matter for further proceedings in accordance with our judgment.

Mr. Keyes was injured on April 30, 2010, when he fell off Ms. Thibodeaux's roof. Mr. Keyes was cleaning and measuring the roof in preparation for painting when, unbeknownst to him, Ms. Thibodeaux sprayed a section of the metal roof with water. Mr. Keyes slipped on the wet roof and fell, seriously injuring himself. He filed the current suit, which was met with several defenses and the current motion for summary judgment filed by Lighthouse. Lighthouse claimed that any bodily injury to Mr. Keyes was not covered under the policy. The trial court agreed and granted Lighthouse's motion for summary judgment. From that decision, Mr. Keyes appeals.

Mr. Keyes claims as his sole assignment of error that the trial court erred in granting summary judgment in favor of Lighthouse. We agree.

> A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The party seeking summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. La.Code Civ.P. art. 966(C). A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett,* 04–0806 (La.6/25/04), 876 So.2d 764. Appellate review of summary judgments is de novo, utilizing the same criteria that guide the trial court. *Guillory v. Interstate Gas Station,* 94–1767 (La.3/30/95), 653 So.2d 1152.

*Willis v. Cenla Timber, Inc.,* 08-1041, p. 2 (La. App. 3 Cir. 2/4/09), 3 So.3d 624, 626.

1

"When affidavits and exhibits present a choice of reasonable inferences, such inferences must be viewed in the light most favorable to the party opposing the motion for summary judgment." *Brittain v. Family Care Servs., Inc.*, 34,787, p. 4 (La.App. 2 Cir. 6/20/01), 801 So.2d 457, 460. Moreover, under La.Civ.Code art. 2056, any policy language susceptible of multiple interpretations must be construed against Lighthouse as the party who furnished its text.

Here, the critical policy language at issue states that bodily injury to an insured is precluded. The policy's definition of an insured is the named insured and relatives who are "residents of [the insured's] household." Also noted in the definitions section of the policy is that the spouse of the named insured is treated as the named insured, "if a resident of the same household."

Mr. Keyes and Ms. Thibodeaux married in August of 2008 but physically separated four months into the marriage. Because Mr. Keyes and Ms. Thibodeaux have not divorced, he clearly would be a relative under the policy if he lived in the same household as Ms. Thibodeaux. However, nothing in the record indicates he is a member of her household. In fact, the record directly indicates otherwise. Mr. Keyes testified that he lives in a home he owns with his grandmother and aunt. He stated that he lived in that house prior to marrying Ms. Thibodeaux and returned there after he was kicked out of her home fifteen months prior to the accident. While Mr. Keyes stated that he lived at Ms. Thibodeaux's address "off and on," he was referring to the six-year time period prior to the accident, not to any time following it. Nothing in the record indicates that he returned after vacating Ms. Thibodeaux's. Mr. Keyes was clearly not a resident of the Thibodeaux household and had not been for over a year prior to the accident. Therefore, coverage of his injury is not excluded under the policy's language. The ruling of the trial court was incorrect and, accordingly, is reversed.

2

For the above reasons, the ruling of the trial court is reversed. This matter is remanded to the trial court for further proceedings in accordance with this ruling. Costs of this appeal are assessed against Lighthouse.

**REVERSED AND REMANDED.**