NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1410

CHARISE THOMAS

VERSUS

ANTONIO HARRIS, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 10-C-2348-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

Anne Elizabeth Watson
The Law Office of Anne E. Watson, LLC
232 North Liberty Street
Opelousas, LA 70570
Telephone: (337) 942-9790
COUNSEL FOR:
    Defendants/Appellees - XYZ Insurance Company and Antonio Harris

Joslyn Renee Alex
P. O. Box 126
Breaux Bridge, LA 70517
Telephone: (337) 332-1180
COUNSEL FOR:
    Plaintiff/Appellant - Charise Thomas

**THIBODEAUX, Chief Judge.**

Plaintiff, Charise Thomas, allegedly suffered injuries in a fall. She filed a petition for damages against Defendants, Aaron Harris, d/b/a Econo Associates, Inc. ("Aaron Harris"), and Antonio Harris, the alleged owners of the property where the accident occurred. Defendants disputed that they owned the property and separately filed a peremptory exception of prescription and a motion for summary judgment. Ms. Thomas appeals the trial court's grant of the peremptory exception of prescription in favor of Defendant, Aaron Harris, and the grant of summary judgment in favor of Defendant, Antonio Harris. For the following reasons, we affirm.

I.

**ISSUES**

We must decide whether the trial court erred by:

(1) granting Aaron Harris' peremptory exception of prescription; and

(2) granting Antonio Harris' motion for summary judgment.

II.

**FACTS AND PROCEDURAL HISTORY**

On June 5, 2009, Ms. Thomas allegedly injured herself in a fall on the property located at 206 East Gordon Street, Apartment 7, Washington, Louisiana 70589 (the "Gordon Street property"). Ms. Thomas filed a petition for damages on May 10, 2010, against Antonio Harris and XYZ Insurance Company. Antonio Harris answered the petition. On June 21, 2010, Ms. Thomas amended her original petition and added Aaron Harris as a defendant.[1] Discovery commenced. Aaron Harris filed the peremptory exception, and Antonio Harris filed the motion for summary judgment. A hearing was scheduled on the exception and motion, but

_____

[1]Aaron Harris is Antonio Harris' father.

counsel for Ms. Thomas requested a continuance. Thus, the hearing on the exception and motion was held sixteen months after Ms. Thomas filed her petition for damages.[2]

At the hearing, the trial court heard testimony on the exception of prescription and received documentary evidence on the motion for summary judgment in support of Defendants' position that at the time of the alleged accident, the Gordon Street property was owned by the Estate of Thirkield J. Smith, a non-party to the action.

The trial court granted the exception and the motion for summary judgment and dismissed the matter with prejudice. Ms. Thomas now appeals.

III.

## LAW AND DISCUSSION

### Standard of Review

> A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The party seeking summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. La.Code Civ.P. art. 966(C). A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett,* 04–0806 (La.6/25/04), 876 So.2d 764. Appellate review of summary judgments is de novo, utilizing the same criteria that guide the trial court. *Guillory v. Interstate Gas Station,* 94–1767 (La.3/30/95), 653 So.2d 1152.

*Willis v. Cenla Timber, Inc.*, 08-1041, p. 2 (La. App. 3 Cir. 2/4/09), 3 So.3d 624, 626.

---

[2]The record indicates that Ms. Thomas' counsel argued that summary judgment was inappropriate because she did not have enough time to complete discovery. We conclude that sixteen months is more than enough time to complete discovery in such a straight-forward matter.

"When prescription is raised by a peremptory exception, with evidence introduced at a hearing, the district court's finding of fact on the issue of prescription is subject to the manifest error standard of review." *Lawrence v. Our Lady of the Lake Hosp.*, 10-849, p. 10 (La. App. 1 Cir. 10/29/10), 48 So. 3d 1281, 1287-88.

## Discussion

### *Peremptory Exception of Prescription as to Aaron Harris*

Ms. Thomas asserts that the trial court erred in granting Antonio Harris' peremptory exception of prescription.[3] We disagree. Louisiana jurisprudence is clear regarding the burden of proof for parties urging an exception of prescription. The supreme court stated in *Cichirillo v. Avondale Indus. Inc.*, 04-2894, p. 5 (La. 11/29/05), 917 So.2d 424, 428 (citations omitted):

> A party urging an exception of prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face. Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of prescription must be decided upon facts alleged in the petition with all allegations accepted as true.

Here, Aaron Harris testified that on the date of the alleged accident, neither he, personally, nor his company, Econo Associates, Inc., owned the Gordon Street property. Indeed, Aaron Harris offered evidence of a quitclaim deed showing that on May 28, 2010, almost one year after the accident, he purchased the Gordon Street property from the Estate of Thirkield J. Smith. Thus, Mr. Smith's estate, not Aaron Harris, owned the Gordon Street property on the date of the accident. Because Ms. Thomas never sued Mr. Smith's estate, the claim against

---

[3]We note that Ms. Thomas never opposed the peremptory exception of prescription. At trial, her counsel argued that the claim had not prescribed because the petition was filed in advance of the prescriptive period and that any amendments to correct information that was not available to Ms. Thomas at the time should relate back to the original filing. No authority was cited for that position. On appeal, Ms. Thomas' argument is even more confusing, and, again, she cites no authority.

the property owner for any injuries Ms. Thomas suffered has prescribed. The trial court did not err in granting Aaron Harris' peremptory exception of prescription.

### *Motion for Summary Judgment as to Antonio Harris*

Ms. Thomas also argues that the trial court erred in granting Antonio Harris' motion for summary judgment. Again, we disagree.

This court, in *Hayes v. Autin*, 96-287, p. 6 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, 694, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41, outlined Louisiana's summary judgment standard:

> Under [La.Code. Civ.P. art. 966], the initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, under Art. 966(C), once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that material factual issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.

In support of his motion for summary judgment, Antonio Harris produced an affidavit stating that he neither has, nor has ever had, an ownership interest in the Gordon Street property. Moreover, he produced the quitclaim deed evidencing the purchase of the property by Aaron Harris from the Smith estate. Antonio Harris made a prima facie showing that the motion for summary judgment should be granted. The burden then shifted to Ms. Thomas to produce evidence that a genuine issue of material fact remained. She failed to do so. Indeed, Ms. Thomas failed to produce any admissible evidence in opposition to Antonio Harris' motion. Thus, the trial court properly granted Antonio Harris' motion for summary judgment.

IV.

## **<u>CONCLUSION</u>**

For the reasons articulated above, we affirm the judgment of the trial court.  Costs of this appeal are assessed against Appellant, Charise Thomas.

**AFFIRMED.**

THIS  OPINION  IS  NOT  DESIGNATED  FOR  PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.