STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-1288


BLAKE PLAUCHE, ET AL.

VERSUS

LIBERTY MUTUAL INSURANCE CO., ET AL.



**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2009-3483-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL
JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty Judges.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**Chief Judge Thibodeaux concurrs in part and dissents in part and assigns written reasons.**

**Ronald J. Fiorenza**
**John D. Ryland**
**Matthew J. Gay**
**Provosty, Sadler, DeLaunay, Fiorenza & Sobel, APC**
**P. O. Box 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Liberty Mutual Insurance Co.**
    **Church Point Wholesale Grocery Co., Inc., A/K/A Acadia Wholesale**
    **Grocery Co., Inc.**
    **Brad E. Randell**

**Darrel Dee Ryland**
**J. B. Treuting**
**Wesley Elmer**
**Danika A. Benjamin**
**Danielle A. Soldani-Ryland**
**Stephen C. Ryland**
**P. O. Box 1469**
**Marksville, LA 71351**
**(318) 253-5961**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Blake Plauche**
    **Allison Plauche**

**Mark Alan Watson**
**Stafford, Stewart, & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Liberty Mutual Insurance Co.**
    **Church Point Wholesale Grocery Co., Inc.**
    **Brad E. Randell**

**EZELL, Judge.**

Brad Randell, his employer, Church Point Wholesale Grocery, and its insurer, Liberty Mutual Insurance Company (hereinafter referred to collectively as "the Defendants") appeal a judgment granting Blake Plauche a summary judgment as to liability in an auto accident and damages arising therefrom. For the following reasons, we hereby affirm the judgment of the trial court in part, reverse in part, and remand this matter to it for further actions in compliance with this decision.

On March 26, 2009, Mr. Plauche stopped at Bordelon's Superette in Plaucheville to buy gas. After filling his truck, he attempted to enter Louisiana Highway 107. At the same time, Mr. Randell was driving a tractor trailer delivering goods to the store. As Mr. Randell entered the parking lot, the rear section of his trailer struck Mr. Plauche's vehicle. As a result, Mr. Plauche suffered back injuries which have rendered him unable to work, have required multiple surgeries, and will force him to have an additional surgery sometime in his future.

After filing suit, Mr. Plauche filed a motion for summary judgment as to liability, claiming the Defendants were 100 percent at fault. The trial court initially denied the motion for summary judgment, but Mr. Plauche again moved for summary judgment. Despite there being no additional evidence attached to the second motion, the trial court granted the second motion for summary judgment, finding the Defendants completely liable for the accident. After trial as to damages, the trial court awarded Mr. Plauche $1,250,000.00 in general damages in addition to $339,952.96 in lost fringe benefits and several hundred-thousand dollars in other specific damages. From that decision, the Defendants appeal.

The Defendants assert six assignments of error on appeal. The Defendants claim that the trial court erred in granting Mr. Plauche's second motion for

summary judgment, as they claim genuine issues of material fact existed as to allocation of fault for the accident. They next claim that the trial court erred in granting Mr. Plauche's motion to strike the jury trial. While the Defendants assert four additional assignments of error, we need only address the first two, as we agree with them that the trial court erred in granting Mr. Plauche's motion for summary judgment.

> A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The party seeking summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. La.Code Civ.P. art. 966(C). A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett,* 04–0806 (La.6/25/04), 876 So.2d 764. Appellate review of summary judgments is de novo, utilizing the same criteria that guide the trial court. *Guillory v. Interstate Gas Station,* 94–1767 (La.3/30/95), 653 So.2d 1152.

*Willis v. Cenla Timber, Inc.,* 08-1041, p. 2 (La. App. 3 Cir. 2/4/09), 3 So.3d 624, 626.

> Moreover, it is not a function of the trial court on a motion for summary judgment to determine or even inquire into the merits of issues raised or to weigh conflicting evidence on the existence of material facts. See, Harrison v. Parker, 31,844 (La.App.2d Cir.5/5/99), 737 So.2d 160 [*writ denied,* 99-1597 (La. 9/17/99), 747 So.2d 565]. When affidavits and exhibits present a choice of reasonable inferences, such inferences must be viewed in the light most favorable to the party opposing the motion for summary judgment.

*Brittain v. Family Care Servs., Inc.,* 34,787, p. 4 (La. App. 2 Cir. 6/20/01), 801 So.2d 457, 460.

In the record before this court, there is clearly a genuine issue of material fact as to liability in that there is a direct conflict between the deposition testimonies of Mr. Plauche and Mr. Randell. Mr. Plauche claims that, after paying for his gas, he pulled to the location of the accident and stopped, waiting for Mr.

2

Randell to turn into the parking lot. While Mr. Randell concedes that Mr. Plauche may have indeed been at a stop at the moment and location of impact, he testified that Mr. Plauche was stopped at the gas pump, behind the site of the collision, as he began his entry into the parking lot. This testimony requires Mr. Plauche to have driven forward in the time between when Mr. Randell turned into the lot and the impact itself. Mr. Randell's belief that Mr. Plauche moved after Mr. Randell began his turn was supported by the store's owner, who allegedly told Mr. Randell the accident was the fault of both drivers.

Furthermore, it is clear from the transcript of the hearing on the motion for summary judgment that, upon a second review, the trial court found Mr. Plauche's evidence more credible. While this may ultimately prove to be the case, evidence is not to be weighed at the summary judgment level. Moreover, the mere fact that the trial court viewed the same exact evidence different ways on separate occasions reinforces the notion that there is, indeed, a genuine issue of material fact. Accordingly, we reverse the trial court's granting of Mr. Plauche's motion for summary judgment and remand this matter to the trial court for additional proceedings consistent herewith.

Because we are remanding to the trial court for additional proceedings, the Defendants' second assignment of error, that the trial court erred in granting Mr. Plauche's motion to strike the jury trial remains germane.

> The right to a jury trial in a civil case in a Louisiana court is a statutory as opposed to a constitutional right. *See* LSA-C.C.P. arts. 1731-1814; *Riddle v. Bickford,* 00-2408 (La.5/15/01), 785 So.2d 795, 799. Nonetheless, Louisiana courts have recognized that the right to a civil jury trial is a basic right that should be protected in the absence of specific authority for its denial. *Brewton v. Underwriters Ins. Co.,* 02-2852 (La.6/27/03), 848 So.2d 586, 589. Therefore, when a party makes a timely request and complies with the other procedural requisites, its right to a jury trial cannot be violated. *Spencer v. State ex rel. Dept. of Transp. and Development,* 03-0539 (La.App. 1 Cir. 8/11/04), 887 So.2d 28, 33. The courts will indulge every presumption

3

against a waiver, loss, or forfeiture of the right of a litigant to a civil jury trial. *Alkazin v. City of Baton Rouge,* 97-0738 (La.App. 1 Cir. 11/7/97), 705 So.2d 208, 212.

This presumption against waiver of the right to a jury trial applies to all parties. Louisiana Code of Civil Procedure article 1734.1 A provides in pertinent part:

Notice of the fixing of the deposit shall be served on all parties. If the deposit is not timely made, any other party shall have an additional ten days to make the required deposit. Failure to post the cash deposit shall constitute a waiver of a trial by jury.

Following failure of the requesting party to make timely payment of the deposit for costs associated with a jury trial, the other litigants are entitled to step forward and invoke the right to a jury trial by paying the deposit themselves.

*Willeby v. JE Merit Constructors, Inc.,* 04-2421, pp. 4-5 (La. App. 1 Cir. 6/10/05), 917 So.2d 21, 23-24.

The Defendants were ordered by the trial court to pay $3,000.00 to the clerk of court thirty days prior to the June 1, 2011 trial date. They failed to do so, but paid within the additional ten days granted to "any other party" who did not request the jury trial under La.Code Civ.P. arts. 1734 and 1734.1. The Defendants cite *Willeby*, claiming that because they are three distinct parties in the litigation, they individually had an additional ten days past the original deadline for filing the jury costs to make their deposit to the clerk of court. We disagree.

In *Willeby*, the parties were antagonistic, had separate counsel, and refusing to allow the defendant therein to have the statutorily-granted ten additional days "would require a defendant to foresee the future as to whether a plaintiff will post a deposit before the deadline provided in the jury trial order." *Willeby*, 917 So.2d at 25. Here, no such foresight would be needed. The Defendants, while being three separate entities, filed their answer, requested jury trial, and have done every action in this litigation in concert. More importantly, they are represented by the same

4

counsel. Had the Defendants maintained separate counsel, their argument would have had some validity. However, as applied to the facts of this case, following their interpretation would lead to absurd consequences, as it would simply give multiple parties represented by one counsel carte blanche to ignore orders of the trial court, knowing they would have an additional ten days to pay jury costs under the ridiculous notion that the acting attorney would not know if he would pay the costs for one of his clients to the detriment of the others. We find this argument completely devoid of merit and affirm the judgment of the trial court striking the jury trial.

For the above reasons, the decision of the trial court is affirmed in part, reversed in part, and remanded to the trial court for further proceedings in accordance with our ruling. Costs of this appeal are assessed fifty percent to Mr. Plauche and fifty percent to the Defendants.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 11-1288


**BLAKE PLAUCHE, ET AL.**


**VS.**


**LIBERTY MUTUAL INS. CO., ET AL.**


**THIBODEAUX, Chief Judge, concurring in part and dissenting in part.**

I concur in reversing the grant of summary judgment on the issue of liability and in affirming the trial court's judgment on the lack of entitlement to a jury trial.

My disagreement with the majority focuses on the extent of the proceedings on remand. In my view, remand should be limited to a trial on the sole issue of liability. Damages would remain as awarded by the trial court. If the trial court assessed comparative negligence after a full trial, it could adjust the damage awards accordingly. Otherwise, the awards would remain extant.

For the foregoing reasons, I dissent in part.