LOBRANO, J.,
DISSENTS AND ASSIGNS REASONS.
Ill respectfully dissent. I find that the district court erred in striking the jury because BAC #2 Investments, L.L.C. (“BAC # 2”) and Gene Langkop, individually and doing business as Langkop Construction (“Langkop”), timely made the jury deposit. I would vacate the trial judgment and remand for new trial before a jury.
La. C.C.P. art. 1734.1, which sets forth the applicable deadlines for payment of the jury deposit, provides, in relevant part, as follows:
When the case has been set for trial, the court may order, in lieu of the bond required in Article 1734, a deposit for costs, which shall be a specific cash amount, and the court shall fix the time for making the deposit, which shall be no later than thirty days prior to trial.... Notice of the fixing of the deposit shall be served on all parties. If the deposit^ is not timely made, any other party shall have an additional ten days to make the required deposit. Failure to post the cash deposit shall constitute a waiver of a trial by jury.
The majority found no error in the district court’s determination that the “defendants had collectively waived their right to a jury trial.” In reaching this finding, the majority cites to factual findings by the district court that “the defendants had acted in concert to allow certain insurers, which had requested a jury, to circumvent their deadline by making it appear that the jury deposit was being made on behalf of their insureds, which had not requested a jury.”
I do not agree that the failure of parties, who requested a jury, to pay the jury deposit timely is imputed to other parties, who did not request a jury. Here, under La. C.C.P. art. 1734.1, after the requesting parties did not timely pay the jury deposit, “any other party,” including BAC # 2 and Langkop, had ten days to satisfy the required deposit. I find that the transmission of the jury deposit on behalf of BAC # 2 and Langkop within the ten-day period sufficient to meet the requirements of La. *448 C.C.P. art. 1734.1, and that BAC # 2 and Langkop are entitled to a jury trial.
Louisiana courts have recognized that the right to a civil jury trial is a basic right that should be protected in the absence of specific authority for its denial. Brewton v. Underwriters Ins. Co., 2002-2852, p. 4 (La. 6/27/03), 848 So.2d 586, 589. The courts will indulge every presumption against a waiver, loss, or forfeiture of the right of a litigant to a civil jury trial. Alkazin v. City of Baton Rouge, 97-0738, pp. 7-8 (La.App. 1 Cir. 11/7/97), 705 So.2d 208, 211-12 (citing Champagne v. American Southern Ins. Co., 295 So.2d 437, 439 (La. 1974)). “This presumption against waiver of the right to a jury trial applies to all parties.” Willeby v. JE Merit Constructors, Inc., 2004-2421, p. 5 (La.App. 1 Cir. 6/10/05), 917 So.2d 21, 23-24.
For these reasons, I find that the district court erred in striking the jury. Accordingly, I would vacate the trial judgment and remand this matter for new trial by jury.